[Civil No. 3113. Filed October 15, 1931.]

[3 Pac. (2d) 786.]

F. C. FULLEN, Appellant, v. JOHN D. CALHOUN, County Treasurer of Maricopa County, Arizona, and H. C. GILBERT, B. M. ATWOOD and A. G. AUSTIN, Members of the Board of Supervisors of Maricopa County, Arizona, Appellees.

Mr. E. G. Frazier, for Appellant.

Mr. Dudley W. Windes, for Appellees.

ROSS, J.—This action grows out of the contention of the board of supervisors that the county expense for jury fees and mileage is governed by the "Budget Law" (Sections 3097, 3098, Rev. Code 1928). In the budget for the fiscal year 1930–1931, the board of supervisors estimated the expense for jury fees and mileage in the superior court of Maricopa county at the sum of $24,905.01, and made a levy on the real and personal property of the county to raise that amount.

Plaintiff-appellant served one day as a juror in said court in the month of May, 1931, at which time the money in the jury expense fund was exhausted. The board of supervisors, on the ground that all of the money levied and collected for jury fees and mileage had been expended when appellant rendered such service, refused to audit and approve his claim. He brought this suit to compel such audit and approval and the issuance of a warrant therefor and to compel

the county treasurer to pay his warrant, or, if no funds were available, to register said warrant for future payment. The relief sought was denied, and plaintiff has appealed.

An examination of the provisions of the law pertaining to the making of annual budgets, sections 3097, 3098 and 3099, Revised Code of 1928, discloses that some of the items that enter into the budget are what may be designated as fixed items of expense, such as the interest and principal of any bonds of the county, the items and amounts of every special levy provided by law, the salaries of public officers, etc. Some of the expenses of maintaining the county government, although authorized, are not fixed in amount by any law, such as the county printing and advertising, necessary books and stationery, feeding of county prisoners, the care of the indigent sick, necessary water, wood, lights and like supplies for county institutions, insurance and repairs of county buildings and county roads, and for other purposes.

Items of the first kind are fixed charges, made so by law, and all the board has to do is to calculate the amounts. They cannot, for instance, estimate the salary of the officials, or the interest or principal on bonds, or a special levy fixed by the legislature. Their work on these items is merely clerical. As to items of the other kind, it is up to the board to fix the sums needed, according to the necessities of the case, and their estimates of such items cannot be exceeded by expenditures. In other words, the estimated expenses and expenditures are supposed to coincide, or at least the expenditures cannot exceed the estimates. *Bank of Lowell* v. *Cox,* 35 Ariz. 403, 279 Pac. 257.

The evident purpose of the "Budget Law" is to establish the plan of "paying as you go"; also to allow the taxpayer an opportunity to object to any

proposed expenditure, or the amount thereof, by the board of supervisors, when not specifically authorized and fixed by the legislature. If the legislature has named a county expense and fixed the sum or sums to be paid therefor, the members of the board of supervisors, as also the taxpayers, are bound thereby, and the board must to the best of its ability perform the ministerial duty of meeting such fixed expense in the annual budget. It is true section 3098, *supra,* provides that, when the hearing of taxpayers on the proposed budget has been concluded, the board of supervisors shall adopt such budget "as finally determined upon . . . and no expenditure shall be made for a purpose not included in such budget, and no debt, obligation, or liability shall be incurred or created in any year in excess of the amounts specified therein as finally adopted for each purpose therein named. . . . "

It will be noticed that the prohibition is against the board's incurring or creating any debt, obligation, or liability. It is not against the payment of debts, obligations, and liabilities created or incurred by the county or its agents in the manner and for the sums fixed by the legislature itself. It seems clear that the prohibitions in the "Budget Law" are directed at those items of county expense which the board of supervisors, as the business and fiscal agents of the county, are authorized to incur through contracts, and not to those items that are fixed and definite charges by virtue of direct legislative act. This distinction was not pointed out in *Bank of Lowell* v. *Cox, supra,* because the facts in that case did not present it. In that case the debt was one incurred by the board of supervisors under legislative authority, but the amount thereof and the purpose for which the tax was levied and collected to meet it were fixed and designated by the board. We held, and very properly, that under such circumstances the estimate

as contained in the budget could not be exceeded and that any debt for more than the estimate was void.

The superior courts are constitutional agencies of the state, exercising important and necessary powers of the sovereignty. The Constitution, section 6, article 6, affirmatively states:

"For the determination of civil causes and matters in which a jury demand has been entered, and for the trial of criminal causes, a trial jury shall be drawn and summoned from the body of the county at least three times a year."

This provision recognizes the jury as a necessary adjunct or part of the court for the trial of certain kinds of cases. The legislature has provided the manner and time of making the jury lists and for the drawing of jurors. Chapter 39 (secs. 1904–1927), Rev. Code 1928. Section 1487 of said Code, under the head of "Fees and Costs," as amended by Chapter 74, Laws of 1929, reads:

"Each juror for each day's attendance on the superior court shall be paid by the county four dollars and fifty cents, and for each mile actually and necessarily traveled by the juror from his residence to the court ten cents, to be computed for one trip and one way only and to be paid by the county, provided that when a juror shall actually and necessarily travel more than twenty-five miles from his residence to the court, the court or judge thereof may allow an additional amount sufficient, with the mileage above, to compensate such juror for the actual expense of so traveling from his residence to the court and return to his residence, but in no case shall the amount paid a juror exceed thirty cents per mile computed as above. Each juror for one day's attendance upon any justice court or upon any inquest shall be paid three dollars to be paid by the county."

The compensation of jurors is as much fixed as the salary of officers, the interest or principal of county bonds, or items or amounts of special levies. It is

true no one can know beforehand the number of juror days or the amount of juror mileage there will be in any given fiscal year, it all depending upon the number of jury cases and the time consumed in their trial, and for that reason the items for jury fees and mileage cannot be definitely determined for the budget. The estimate of the board of supervisors entering the annual budget for this account at most can only approximate the expense. If the estimate as contained in the budget is inadequate to pay all the fees and mileage of jurors, the jurors nevertheless are entitled to warrants on the treasury of the county, to be paid out of sources of revenue other than property taxation, if available for that purpose; otherwise to be registered by the county treasurer as provided in section 867 of the Revised Code of 1928, and cared for out of the county's budget for the following fiscal year.

The judgment is reversed and the cause remanded, with directions that the writ of mandamus issue in accordance with the terms of this opinion.

McALISTER, C. J., and LOCKWOOD, J., concur.