[Civil No. 3342. Filed October 23, 1933.]

[25 Pac. (2d) 1023.]

COUNTY OF MARICOPA, STATE OF ARIZONA, Appellant, v. CECIL ARMSTRONG, Appellee.

Mr. Renz L. Jennings, County Attorney, and Mr. M. L. Ollerton, Deputy County Attorney, for Appellant.

Mr. George F. MacDonald, for Appellee.

ROSS, C. J.—This is an action by Cecil Armstrong for his salary as deputy county treasurer of Maricopa county for the last half of the month of June, 1932, and for the salaries of the county treasurer, his chief deputy and sixteen other deputies in that office for the same period, claims for which have been assigned to him for collection. The court after a trial entered judgment for plaintiff, and the county appeals.

The facts are undisputed, and, as found by the court, are as follows: The plaintiff and the other deputies were appointed such before July 1, 1931, with the consent of the board of supervisors of the county, who also before said date fixed the annual salaries. They entered upon and performed the duties of their respective positions for the full year and were paid semi-monthly the salaries so fixed up

to and including the first half of June, 1932. The board of supervisors, at the time and in the manner provided by law, adopted a budget for the office of the county treasurer of defendant county; the items thereof being:

Treasurer's salary ......................$ 3,000.00
Chief deputy's salary .................... 2,250.00
Deputies' salaries ....................... 30,355.00
Expenses ............................. 5,945.00

Total ............................$41,550.00

At the end of the first half of June, 1932, the county treasurer had been paid $2,875 of his annual salary of $3,000, leaving $125 owing him. The chief deputy had been paid $2,156.25 of his salary of $2,250, leaving $93.75 owing him. The deputies had been paid $27,985.18, leaving $2,369.82 available for their salaries amounting to $1,122.50. These balances added are $2,588.57. But on said date there had been expended from the county treasurer's budget for expenses of that office the sum of $8,528.98, or $2,583.98 more than was budgeted for the item of expenses. Thus on that date the total expenditures of the office were just $4.59 less than the total budget, whereas the amount owing and sued for, including the salaries of the treasurer and his chief deputy, is $1,341.25.

The board felt that it could not legally pay salaries for the last half of June, since to do so would exceed the amount budgeted for the treasurer's office by $1,396.29.

From the wording of section 3097, Revised Code of 1928, we think it is a fair inference that the legislature intended that the county budget should contain a statement of the expenses of every kind and nature proposed to be raised by property taxation for each county department, public office or official for the ensu-

ing fiscal year, giving the amount of each item of such proposed expenditures, together with the official salaries attached to such department, public office, or official; and that under section 3098 no expenditure from property taxes should be made for a purpose not included in such budget, and no debt, obligation or liability should be incurred or created against such taxes in any year in excess of the amounts specified in the budget as finally adopted for each purpose named.

Some of the items of the county budget are recurrent and fixed by law, and automatically become a part of the budget, such as interest and principal of bonds of the county, special tax levies, and salaries of officers, etc. Then there are expense items, such as printing, advertising, etc., that must be contracted for at prices or sums not fixed by statute but by contract. These latter must be estimated and put into the budget, and under the ''Budget Law'' (sections 3097, 3098, 3099, Revised Code of 1928) no expenditure shall be in excess of such estimates, and debts, obligations and liabilities in excess thereof may not be incurred or created, except there be at the time other sources of revenue than property taxation available for their liquidation. *Fullen* v. *Calhoun,* 39 Ariz. 40, 3 Pac. (2d) 786.

The sums budgeted for salaries and attached to the office of the county treasurer should under the law have been kept intact for the purpose for which they were budgeted and collected. The board had no right to allow and pay out of such fund expense items of the office.

The salary of the county treasurer is fixed by the legislature (section 2794), that of the chief deputy by the treasurer and board of supervisors (section 2794), and those of the other deputies by the board of supervisors (section 2798) under legislative authority. These salaries by operation of law if earned

became a fixed liability of the county, and under section 2799 should be paid. The pertinent part of said section reads:

"All state or county officers, employees, members of boards and commissions not mentioned in this chapter, and all deputies, stenographers, clerks and employees of any officer, board or commission, or of any institution, shall receive the salary provided by the laws creating or authorizing their respective positions. . . . "

The county treasurer, his chief deputy, and other deputies have owing them salaries fixed according to law for the last half of the month of June, and should be paid unless they have done something relieving the county of that obligation. As to the county treasurer and his chief deputy, it appears they, on June 14, 1932, wrote a letter to the board of supervisors authorizing the board to apply one-half month of their salaries in paying the deputies for the first half of June; and because of this direction or request to the board it is suggested that these two officers should be estopped to claim their salaries for the last half of the month. There is no showing that the salaries of these two officers were applied as requested or authorized, and, further, there was no legal reason for the appropriating of their salaries to pay the salaries of deputies; the county alone being liable therefor. We discover no element of estoppel in the facts.

It is suggested that the deputies knew the salary fund was depleted with the semi-monthly payment of salaries on June 15th, and that for that reason they should not recover. We are cited to no law sustaining this position, and we know of none.

We have heretofore said that the board of supervisors had no right to appropriate the salaries of the officers in the office of the county treasurer to defray the expenditures of that office, and we may add that

the county treasurer in presenting claims and accepting payment thereof out of the items of salary also acted without right. If what the board and the treasurer did amounted to a violation of law, it would not justify a refusal to pay the salaries attached to that office. No such penalty is prescribed. The budget act itself provides the penalty in these words, found in section 3099:

"Any officer violating a provision of this or the three preceding sections shall be guilty of a misdemeanor, and fined not less than one hundred nor more than three hundred dollars."

The judgment of the lower court is affirmed.

LOCKWOOD and McALISTER, JJ., concur.