183 P.2d 880

**POWERS et al. v. ISLEY et al.**

No. 4845.

Supreme Court of Arizona.

July 11, 1947.

Snell, Strouss & Wilmer, of Phoenix, for appellants.

Edwin Beauchamp, Co. Atty., and Eugene K. Mangum, Deputy Co. Atty., both of Phoenix, for appellees.

PATTERSON, Superior Judge.

This is an action for declaratory judgment brought by the appellants who are the official court reporters of the divisions of the Superior Court of Maricopa County. The action was brought against the Board of Supervisors of Maricopa County in their official capacity as members of such board.

The complaint alleged, in substance, that judges of the Superior Court of Maricopa County on the first day of April, 1944, by a joint order and act, fixed the salary of appellants at $3600 per annum and thereupon notified the appellees, as members of the Board of Supervisors, of their action. It was further alleged that the salary so fixed constituted an increase in the salary of each of the appellants and that the salary fixed by said judges was not unreasonable and that their action in fixing it was not capricious or arbitrary. It was alleged that appellees approved the salary of appellants which had been fixed by said Superior Court Judges in the sum of $3600 per year, at the sum of $3300 per year, and said supervisors refused to allow or approve the amount as fixed by said Superior Court Judges. It was further alleged that a controversy had arisen between the parties hereto as to the meaning, force and effect of Sec. 19-404, A.C.A.1939, with appellants contending that said section confers authority upon the judges of the respective Superior Courts to fix the salary of the official court reporters of such court provided that the salary fixed by the judge must be reasonable and not based upon a capricious or arbitrary act of the court. On the other hand it was the position of the appellees that they enjoy and are entitled to an equal voice with the judges in fixing the amount of salary and that they are entitled to refuse to accept the action of the respective Superior Court Judges even though the same may be reasonable and fair.

A further controversy was alleged to exist in that the appellants claim that their salary and the matter of its increase is not within the restrictions of what is commonly referred to as the budget law, while appellees contended that the budget law is applicable and that no increase can be granted if the effect of it is to create an indebtedness which was not provided for in the budget and also if the result is to increase the amount which must be set up in the new budget in excess of 10% of the amount previously provided.

The appellees filed a motion to dismiss the complaint of appellants upon the ground that the same failed to state a claim upon which relief could be granted, thereby presenting for the determination of the trial court a legal issue as to the proper construction of the statutes aforesaid.

The trial judge of the Superior Court made and entered his Memorandum Opinion and Order granting appellees' motion to dismiss the complaint, which, in so far as pertinent, is as follows:

"This controversy between the parties presents a justiciable issue which can properly be determined under the provisions of the Declaratory Judgment Act. The court holds that the defense of the attempted raise of salary being violative of the budget law is without merit. There may be merit to the objection that the Legislature in attempting to delegate to the Court the power to fix reporter's salaries were imposing upon the court a nonjudicial function, which is not permitted by the Constitution of Arizona.

"Primarily, however, it seems to the Court that the decision in this case must turn upon the question of the statutory interpretation of the provisions of Section 19-404, ACA, 1939. Unfortunately the Legislature in enacting this law governing reporters' salaries, did not use very apt language to express their meaning. The proviso that the salary 'shall be *fixed* by the Judge of the Court' is somewhat inconsistent with the later provision that this action is subject to the 'approval of the Board of Supervisors of the County.' This leaves the matter of interpretation not free from doubt or difficulty.

\* \* \* \* \* \*

"I am unable to escape the conclusion that the law as written gives the final say in the salary matter to the Board of Supervisors. The clause 'approval of the board of supervisors', in my opinion, is not a meaningless phrase. The fact that they are required to approve the salary fixed by the Court, necessarily implies that they may also disapprove. It would seem that the 1921 amendment of this law more clearly stated the legislative intent when it said 'which salary shall be effective when approved by the board of supervisors of the county.'

\* \* \* \* \* \*

"Being of the opinion that the Court does not have the entire authority and power to

fix the salary of the Court Reporter who is undoubtedly 'a ministerial officer of the Court,' and that the Board of Supervisors, who are the business and fiscal agents of the county, do have a discretion to approve, reduce or increase the salary fixed by the Court, it follows that the defendants' motion to dismiss should be granted."

Judgment was duly entered in accordance with the foregoing memorandum in which the court directed that the complaint be dismissed and that appellants take nothing thereby, an appeal being taken by appellants from said judgment.

Appellants make three assignments of error as follows:

"1. The trial court erred in dismissing the complaint of appellants and in ordering judgment for appellees and entering formal judgment for appellees dismissing the complaint of appellants, for the reason that the action of the Superior Court judges of the Superior Court of the County of Maricopa, State of Arizona, in fixing the salary of these appellants was a lawful action and the appellees as members of and constituting the Board of Supervisors of Maricopa County, Arizona, had no right, authority, or jurisdiction than to do more than approve the salary so fixed, unless the same were found to be unreasonable, arbitrary or capricious.

"2. The trial court erred in ordering the dismissal of appellants' complaint and in entering judgment for the appellees for the reason that the appellees had no authority under the provisions of Section 19-404, ACA, 1939 to do more than either approve or reject the salary as fixed by the judges of the Superior Court for their respective court reporters, and if the salary so fixed is reasonable then the action of the supervisors is purely ministerial and they must approve the salary so fixed.

"3. The trial court erred in ordering dismissal of appellants' complaint and in entering judgment for the appellees for the reason that the Superior Court judges of the State of Arizona have the lawful authority to fix the salary of their various court reporters pursuant to the provisions of Section 19-404, ACA, 1939, and the only authority in light of the supervisors of the various counties is to either approve or reject such action, and if the salary so fixed is reasonable then the supervisors have no authority except to approve the same and to direct its payment."

The appellees contend:

1. That the position of appellants, with reference to the fixing of court reporters' salaries under Section 19-404, A.C.A.1939, imputes to the legislature an attempt to impose upon the courts of the state a non-judicial function not permitted by the Constitution of Arizona, nor contemplated by the legislature.

2. That appellants' construction of the terms and provisions of Section 19-404, A.C.A.1939, is contrary to the terms and

provisions of Article XII, Section 4 of the Constitution of Arizona and the terms and provisions of all other sections of our statutes providing for the fixing of salaries to be paid by the county, of all officers, deputies, clerks and assistants and, particularly Sections 12-708 and 12-709, A.C.A.1939.

3. That it was contemplated by the framers of our constitution by the provisions of Article XII, Section 4 thereof, and subsequent legislation enacted in accordance therewith, that the final fixing of salaries of all officers, deputies, clerks and assistants who are paid from county funds should be left to the discretion of the legislative department of the counties, the Board of Supervisors, and the Legislature itself failed to enact legislation for this purpose and saw fit to delegate its powers in this respect to these bodies.

4. That by a proper and correct construction of Section 19-404, A.C.A.1939 a duty and discretion rests upon the Board of Supervisors to pass upon the amount of the salary of the court reporter as fixed by the judge and to approve, reduce or increase said sum.

The respective contentions of appellants and appellees will be considered in reviewing the law pertinent to this case.

Section 19-401, A.C.A.1939, provided as follows: *"Appointment—Oath.*—Each judge of the superior court shall appoint a court reporter. Before entering upon his duties, such court reporter shall take and subscribe the official oath to be administered by the judge of said court."

Section 19-402, A.C.A.1939, provides for the examination of the court reporter as to his competency and the manner in which same shall be determined.

Section 19-403, A.C.A.1939, sets forth the duties of the court reporter.

Section 19-404, A.C.A.1939, provides as follows: *"Salaries and fees.*—The salary of the court reporter shall be *fixed* by the judge of the court, with the approval of the board of supervisors of the county, and paid by the county; he shall also receive, from the party ordering the same, for transcript, fifteen cents [15c] per folio of one hundred [100] words for the first copy, and five cents [5c] per folio for each carbon copy thereof, if ordered at the same time and by the same person as the first copy. The reporter, when requested in advance, shall furnish to the county attorney, or the attorney-general of the state, free of charge, a copy of the transcript of testimony when a transcript is made on an appeal in a criminal case, and to the attorney-general when the state is a party." (Emphasis supplied.)

Section 19-405, A.C.A.1939, provides as follows: *"Deputies—Compensation.*—The court reporter may employ deputies who shall be compensated by him. When more than one [1] judge is holding court at the same time in the county, or any division thereof, or when the reporter is prevented

from performing the duties of his office through absence upon public business, the reporter may appoint a deputy who shall perform such services during such period and at such compensation as the judge may by order provide; such compensation shall be a county charge. The necessary supplies for the conduct of his office shall be furnished by the county."

In this case we are particularly concerned with the language of Section 19-404, A.C.A. 1939, as follows: *"Salaries and fees.*—The salary of the court reporter shall be *fixed* by the judge of the court with the *approval* of the board of supervisors of the county, and paid by the county; * * *."" (Emphasis supplied.)

There are two words in the foregoing statute which will be defined and interpreted; the word "fixed" and the word "approval."

In the case of board of Supervisors v. Stephens, 20 Ariz. 115, 177 P. 261, 262, this court approved the definition of the word "fixed" as pertaining to salaries in the following language: "* * * The word 'fixed' is defined by Webster: 'Securely placed or fastened; settled; established; firm; immoveable; unalterable.' Hence, a 'fixed' salary is one that is entirely placed or fastened with regard to its duration; is one that is settled to remain for a time."

The term "approval" is susceptible of different meanings dependent upon the subject matter and context concerning which the term is employed and the object and purpose to be subserved or accomplished. Ordinarily the term in its obvious meaning is "to commend, confirm, ratify, sanction or to consent to some act or thing done by another." Vol. 3, Words and Phrases, Perm.Ed., page 829 and cases referred to. In re State Bank of Millard County (Hadlock, State Bank Com'r v. State Bank of Millard County et al.), 84 Utah 147, 30 P.2d 211, at page 213; 6 C.J.S. at page 126.

In connection with the interpretation of enactments of the legislature, this court has adopted definite standards by which to effect an interpretation of legislative enactments which are questioned. "The several provisions of the statute should be construed together in the light of the general purpose and object of the act and so as to give effect to the main intent and purpose of the legislature as therein expressed. If possible, a statute should be so construed as to render it a consistent and harmonious whole; if different portions seem to conflict, they should, if practicable, be harmonized, that construction being favored which will render every word operative rather than one which makes some words idle and nugatory. In other words, a statute must receive such construction as will make all its parts harmonize with each other, and render them consistent with its general scope and object." 25 R.C.L. 1007, Sec. 247. Approved in Hill

v. County of Gila, 56 Ariz. 317, 107 P.2d 377.

The legislature of this state has always treated the subject of court reporters independently of every other subject: "* * * the Legislature in every instance that it has noticed the subject of court reporters has treated it independently of every other subject. While the Legislature has several times acted upon salaries of county officers and their deputies and clerks, in none of such acts has it specifically included the salary of court reporter. On the contrary, since the creation of the office of court reporter in 1912 the Legislature has twice, by acts exclusively devoted to that subject, amended the law. It has treated the subject of court reporters as in a class to itself, and for that reason any legislation about salaries of county officers and their deputies, even though general in terms, should be restricted to its obvious purpose." Graham County v. Cochran, 27 Ariz. 136, 230 P. 1112, 1113.

The legislature in its wisdom saw fit to empower the Judge of the Superior Court to appoint the court reporter, and for reasons that are apparent.

In many respects the duties of the court reporter are peculiar and cannot be performed by one who does not possess special qualifications, and the judge of the court is best qualified to appreciate and judge as to the merits of the reporter's qualifications upon which is based the proper compensa-

tion. It is necessary that court procedure be accurately and properly recorded, particularly so when the individual lives, rights and liberties of citizens are at stake, as well as important property rights. In many instances the court reporter occupies a close personal relation to the court and enjoys the court's utmost confidence, hence the particular person who is the depositary of the court's confidence and entrusted with the skillful and accurate recordation of the court proceedings, must not only be honest and trustworthy but also careful, industrious, discreet, and a person whose integrity is above reproach. See State v. Cunningham, 39 Mont. 165, 101 P. 962.

Therefore, it is obvious why the legislature designated the judge of the Superior Court to make the appointment. It is also evident that the judge of the Superior Court realizes the importance of this position and is best qualified to determine and fix a reasonable compensation for the person possessed of the proper qualifications than is any other person. Accordingly, the only limitation placed upon the court's power to fix the salary of the court reporter is that the salary must be fixed "with the approval of the Board of Supervisors." We think that the term "approval" as used in this particular instance by the legislature comes under the definition "to commend, confirm, ratify, sanction, or to consent to some act or thing done by another." Vol. 3, Words and Phrases, Perm. Ed., page 829.

102

Appellees contend that designating the judge of the Superior Court as agent, to fix the salary is an attempt to impose upon the courts of the state a non-judicial function not permitted by the Constitution of Arizona nor contemplated by the legislature.

Legislatures have frequently vested power in one government agency to act, subject to the approval of another agency. "* * * It is a very common expedient in the making of Constitutions and statutes to vest power to appoint or designate in one officer or board subject to the approval of another officer or board, and, so far as we know, no single instance has ever arisen where it has been held that the officer or body which is given the power of approval only may assume or exercise the power of selection or appointment. To 'approve' or give 'approval' is in its essential and most obvious meaning to confirm, ratify, sanction, or consent to some act or thing done by another. * * *" State v. Rhein, 149 Iowa 76, 127 N.W. 1079, 1081.

The Constitution of the State of Arizona at the inception of statehood designated the judicial branch of the state government in several instances, as the agency for the fixing of salaries, and nothing has transpired subsequent to the adoption of the constitution of this state by legislation, constitutional amendment, or court decisions to prevent such a power from being conferred upon the court by the legislature in proper cases.

Article 6, Section 14, of the State Constitution provides: "Supreme Court reporter.—The judges of the Supreme Court shall appoint a reporter for the decisions of that court, who shall be removable at their pleasure. He shall receive such annual salary as may be prescribed by law; and the Supreme Court shall have the power to fix said salary until such salary shall be determined by law." (Emphasis supplied.)

The case of the Board of Supervisors v. Stephens, supra, placed its stamp of approval upon such action. Accordingly, it is proper for the judicial branch of our government to be designated by the legislature, in proper cases, as the agent for the fixing of certain salaries, and such action has heretofore been taken by both constitutional provisions and also by legislative action.

Appellees contend that the Board of Supervisors have the ultimate power to fix the court reporter's salary and that any other method of fixing the salary is contrary to the terms of Article 12, Section 4, of the Constitution of Arizona, and subsequent legislative enactments, particularly sections 12-708 and 12-709, A.C.A.1939.

Further, that it was contemplated by the framers of the constitution and subsequent legislation enacted in accordance therewith that the final fixing of salaries of all officers, deputies, clerks, and assistants, who are paid from county funds, should be left to the discretion of the legislative department

of the counties; that is, the Boards of Supervisors. Further, that the supervisors have a duty and discretion to pass upon the amount of the salary of the court reporter as fixed by the judge and to approve, reduce, or increase said sum. Appellees make the further contention that the court reporter is a judicial officer of the county.

Article 12, Section 4, provides as follows: *"Duties of local officers.*—The duties, powers, and qualifications of such officers shall be as prescribed by law. The board of supervisors of each county is hereby empowered to fix salaries for all county and precinct officers within such county for whom no compensation is provided by law, and the salaries so fixed shall remain in full force and effect until changed by general law."

Section 17-502, A.C.A.1939, enumerates county officers: *"Enumeration of officers.*— The officers of the county are: Sheriff, recorder, treasurer, school superintendent, county attorney, assessor, supervisors, clerk of the board of supervisors, tax collector, and clerk of the superior court. The county treasurer shall be ex officio tax collector."

Section 17-506, A.C.A.1939, provides as follows: *"Deputies—Appointment—Removal—Powers.*—Every county officer, except the supervisors, may appoint the deputies and every county officer may appoint the employees necessary for the prompt discharge of the duties of his office; provided, that no salary or compensation shall be paid to such deputy unless expressly authorized by law. Such appointment must be in writing, and filed in the office of the county recorder. They shall hold office at the pleasure of the officer appointing them. Deputies appointed by and with the advice and consent of the board of supervisors may be removed by the board or by the officer appointing them."

Note that the court reporter is not recognized as a county officer, and the Board of Supervisors are not given any power to remove him as is provided by Section 17-506.

Neither is the court reporter governed by Section 17, Article 22 of the Constitution of the State of Arizona, which, in part, provides that state and county officers shall "and they shall receive no fees for their own use." This provision is significant in view of the fact that state and county officers cannot receive any fees and their salaries shall be fixed and definite.

It is to be noted that Section 19-404, expressly provides that the court reporter shall receive certain renumerations in addition to his fixed salary by virtue of transcripts, etc., as enumerated therein. Thereby the legislature recognized the fact that he does not come within the classification of a state or county officer.

Therefore, under the construction of the constitutional and statutory provisions of Arizona, the court reporter is not a county

officer, but as determined by this court, "[a] court reporter, a sworn officer of court." Garcia v. State, 26 Ariz. 597, 229 P. 103, directed to perform certain duties as provided in Sec. 19-403.

In view of the foregoing provisions the Board of Supervisors do not have the power to fix, raise, nor lower the salary of the court reporter. Their sole duty in this respect is set forth in Sec. 19-404.

It is apparent that the legislature intended that the Board of Supervisors shall only have the authority under Sec. 19-404 to either approve or disapprove the salary fixed by the judge. They do not, by virtue of the authority for approval, have the right to reduce or increase the salary fixed by the judge of their own right.

Also, the term "approval", as used in this instance, certainly infers the power in the Board to disapprove.

Appellees rely upon the case of Winsor v. Hunt, 29 Ariz. 504, 243 P. 407, for their contention that the court reporter is a judicial officer of the county. In this case this court enumerated certain elements pertaining to a public office as follows: "A position is a public office when it is created by law with duties cast upon the incumbent which involved an exercise of some portion of the sovereign power * * * and * * * a position which lacks one or more of these elements is a public employment." 53 A.L.R. 595; State ex rel. Newman v. Skinner, 128 Ohio St. 325, 191 N.E. 127, 93 A.L.R. 333; 42 Am. Jur. Sec. 10, p. 888.

Appellees also emphasize the provisions contained in Article 3 of the State Constitution which provides as follows: "The powers of the government of the state of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others."

It is apparent that the court reporter exercises no portion of the sovereign power. He records the proceedings in a court of justice. He participates in the court proceedings in no manner other than as a silent recorder of the words spoken during the hearings as they progress. Such being the case, there can be no delegation of legislative power.

The legislature may, so long as it does not itself contravene some. constitutional provision, authorize the judiciary to act in matters relating to its functioning. 11 Am.Jur., Constitutional Law, Sec. 225. "Generally, unless the constitution otherwise provides, the legislature may authorize courts or judges, in aid of or in connection with the exercise of their judicial powers, duties, and functions, to appoint officers, including those whose duties are

not strictly judicial. * * *" 16 C.J.S., Constitutional Law, § 163, p. 501.

In the case of Hadlock State Bank Commissioner v. State Bank of Millard County, supra [84 Utah 147, 30 P.2d 214], the situation was reversed in that an independent state officer, to wit: the bank commissioner, was authorized to fix salaries and incur expenses in connection with the liquidation of banks which would *receive the approval of the court.* "Whatever power the court is permitted or required to exercise, whether merely administrative or somewhat judicial in character dependent upon the issues, it may readily be conceded that such power in approving compensation and expenses incurred is not as extensive as possessed by the court in a cause or proceeding where a receiver administrator, or other person is appointed by the court and subject to its orders and direction. Still, in approving or disapproving the compensation or expenses as fixed by the commissioner, the court is required to do something more than merely put his 'rubber stamp' on the report approving or disapproving it. * * * before approving or disapproving the compensation and expenditures as fixed and reported by the commissioner and asked to be approved, the court likewise may hear evidence concerning the character, quality, extent, value, and necessity of the services rendered and expenses incurred, for the purpose of ascertaining whether such service and expenditures were legitimate and reasonably necessary in the liquidation of the bank, whether incurred in good faith and in the exercise of a wise and sound discretion, free from fraud, collusion, or bad faith, whether the amount of compensation and expenditures as so fixed and sought to be approved is so excessive and unreasonable as to leave no room as to difference of opinion of those familiar with the reasonable value of such service, and whether the commissioner in engaging the service and fixing the compensation and incurring the expense regularly pursued his authority. Unless the court is permitted to inquire into such or similar matters and questions, the statute requiring approval by the court is meaningless. But that, as we think, is the extent of the court's inquiry and determination. In the exercise of such power the court, however, may not, as in case of a receiver or other officer of the court subject to its orders and direction, set up his mere judgment against that of the bank commissioner, nor is the court given power itself to fix or determine the compensation as in the first instance or on evidence adduced fix and determine the compensation as the court in its discretion and judgment may be advised."

Again continuing:

"* * * Not anything was found nor indicated by the court of any abuse of discretion by the commissioner or that the services rendered were not necessary in the liquidation or did not pertain there-

to, nor did the court otherwise find or indicate anything to bring the case within the stated rule wherein the trial court was justified in disapproving compensation. * * *

\* \* \* \* \* \*

" * * * The court did not find nor indicate that the compensation asked to be approved was so excessive or unreasonable that unbiased minds familiar with such services could not well disagree with respect thereto. * * *"

It will be noted from this case that where an independent agent or branch of the government is delegated the power to fix the compensation, that the judicial branch of the government cannot usurp those functions on the grounds that the judicial branch shall give "approval", "If such compensation is reasonable and not excessive."

We think the converse as to a government agency functioning in this regard should be true.

We believe that the same principles above mentioned are applicable to the instant case.

■ The province of the Board of Supervisors in connection with the approval of the salary fixed by the judge as provided in Sec. 19-404, is interpreted to be that the Board of Supervisors have the power to approve or disapprove the salary fixed by the judge for the court reporter. That in performing this duty the Board of Supervisors must exercise discretion, but they must act in a reasonable manner and not arbitrarily or capriciously in disapproving such salary. Neither must the judge in fixing the salary act arbitrarily or capriciously or unreasonably.

■ In this particular case plaintiffs allege in their complaint that five judges of the Maricopa County Superior Court, acting jointly and in agreement, determined that the proper salary for each of the court reporters of the Maricopa County Superior Court should be the sum of $3600, and by proper order so fixed the salary. The same was submitted to the Board of Supervisors. They neither approved nor disapproved the salary as fixed by the judges, but arbitrarily proceeded upon their own initiative to reduce the salary fixed by the judges in the sum of $3300.

It appears from the allegations of the complaint that the Board of Supervisors exceeded their authority in this particular case. The judgment sustaining the motion to dismiss is reversed, and defendants granted permission to answer the complaint.

STANFORD, C. J., and LA PRADE, J., concur.

UDALL, J., having presided in the trial of this case, the Honorable W. E. PATTERSON, Judge of the Superior Court of Yavapai County, was called to sit in his stead.