475 P.2d 250

Ben C. **BIRDSALL**, Judge of the Superior Court of the State of Arizona, in and for the County of Pima and Judge of the Juvenile Court of Pima County, Petitioner,

v.

**PIMA COUNTY**, a body politic, the Board of Supervisors of Pima County, and Thomas Jay, Dennis Weaver and James J. Murphy, Members of the Board of Supervisors of Pima County, Respondents.

No. 10094.

Supreme Court of Arizona, In Banc.

Oct. 9, 1970.

Molloy, Jones, Hannah, Trachta & Coolidge, Tucson, for petitioner.

Robert N. Hillock, Tucson, for respondents.

HAYS, Justice.

Petitioner, Judge of the Juvenile Court of Pima County, comes before this Court with a petition for special action urging this court to command respondent Board of Supervisors of Pima County to formally approve and put into effect petitioner's order fixing salaries for employees of the Juvenile Court of Pima County.

The following facts are undisputed. Petitioner, on February 4, 1970, met with the members of the respondent Board and advised them that he wished to submit a new salary schedule for employees of the Juvenile Court. This proposed schedule was delivered by petitioner to the Board on

March 4, 1970 at which time petitioner urged the Board to act promptly on the matter. After receiving no communication from the Board, petitioner, on March 26, 1970 informed the Board by letter that unless an agreement was reached between petitioner and respondent Board in the meantime, petitioner would adopt the new schedule effective April 15, 1970. Subsequently, on April 13, 1970, petitioner entered an order putting the new salary schedule into effect. Respondent, on April 24, 1970, adopted a resolution ordering its Clerk to petition the State Tax Commission of Arizona for authority to make unanticipated and emergency expenditures for the balance of Pima County's fiscal year ending June 30, 1970. This petition included the increased salaries provided by petitioner's order. On May 20, 1970 the Commission granted respondent authority to exceed its budget for the items set forth in the petition including $18,900 for the increased salaries created by petitioner's order. The Board did not, however, approve and put into effect petitioner's order. Consequently, the employees of the Juvenile Court of Pima County remained on the salary schedule in effect prior to April 13, 1970.

The presiding judge of the juvenile court is empowered under 2 A.R.S. §§ 8–204 and 8–205 to appoint employees of the juvenile court and fix their salaries.[1] The power to appoint employees is set forth in § 8–204 which states:

"A. The judge presiding in the juvenile court may appoint a chief probation officer, a deputy probation officer and such additional deputy probation officers, not exceeding one for each fifty persons on probation, as he deems necessary. In counties of the first class the judge may appoint necessary office assistants."

---

1. Effective August 11, 1970, sections 8–201 to 8–239 were repealed by Laws 1970, Ch. 223, § 1. It is now provided in section 8–203, subsec. E, that the salaries of juvenile court employees "in each coun-

ty shall be fixed by the county board of supervisors." This change was not in effect at the time this action was brought and is therefore not considered in this opinion.

The power of the judge to fix the salaries of these appointed employees is set forth in § 8–205:

> "The salary of the chief probation officer of the juvenile court in each county, his deputies, assistants and all other employees, shall be fixed by the judge presiding in the juvenile court, *with the approval of the board of supervisors, and shall be a county charge.*" (Emphasis added).

In the instant case there is no dispute that Pima County is a county of the first class and that therefore the judge is authorized to appoint necessary office assistants in addition to the various probation officer positions set forth in § 8–204. Nor is there any dispute that the judge may fix the salaries of these employees under § 8–205. The dispute arises over the meaning of the phrase "with the approval of the board of supervisors" in § 8–205. In other words, what is the scope of the Board of Supervisors' authority in approving or disapproving the salaries fixed by the judge.

This Court decided a similar issue in Powers v. Isley, 66 Ariz. 94, 183 P.2d 880 (1947) where § 19–404, A.C.A., 1939, provided that the salaries of court reporters " * * * shall be fixed by the judge of the court with the approval of the board of supervisors of the county * * *." We held there that:

> "The province of the Board of Supervisors in connection with the approval of the salary fixed by the judge as provided in § 19–404, is interpreted to be that the Board of Supervisors have the power to approve or disapprove the salary fixed by the judge for the court reporter. That in performing this duty the Board of Supervisors must exercise discretion, but they must act in a reasonable manner and not arbitrarily or capriciously in disapproving such salary. Neither must the judge in fixing the salary act arbitrarily or capriciously or unreasonably." 66 Ariz. at page 106, 183 P.2d at page 888.

More recently, in Mann v. County of Maricopa, 104 Ariz. 561, 456 P.2d 931 (1969) we quoted with approval the following language from Smith v. Miller, 153 Colo. 35, 384 P.2d 738 (1963):

> " 'We hold that the district judges of the Fourth Judicial District are empowered to fix the salaries of its employees. We further hold, in the absence of a clear showing that the acts of the judges in fixing such salaries were arbitrary and capricious and that the salaries so fixed are unreasonable and unjustified, that it is the ministerial duty of the county commissioners to approve them and to provide the means for payment of such salaries. We further hold that where a question is raised as to the reasonableness of the salaries fixed by the judges or whether their acts in respect thereto are arbitrary and capricious, the burden is on the Board to establish such facts by competent evidence.' " 104 Ariz. at page 565, 456 P.2d at page 935.

In *Mann* we held that judges of the superior court have the right to request that employees of the court be continued in employment after age seventy for a period of one year and that the Board of Supervisors had a ministerial duty to approve the request absent a clear showing that the judge acted unreasonably, arbitrarily and capriciously in making the request.

It is the opinion of this court that the rationale of *Mann* is applicable to the instant case. We hold that under § 8–205 the respondent Board had a ministerial duty to approve petitioner's order fixing new salaries for the employees of the Juvenile Court in the absence of a clear showing that petitioner acted unreasonably, arbitrarily and capriciously in fixing the salaries. If the Board of Supervisors makes an allegation that the judge acted unreasonably, arbitrarily and capriciously in fixing the salaries then an adversary hearing must be held to determine the matter. In the instant case, however, such a hearing is not necessary on the issue of the reasonableness of the salaries fixed since respondent has informed this Court that they are not taking issue with petitioner's order but

take issue only with the time he wants to implement it.

 The only issue remaining before this Court, therefore, is whether respondent has the authority to take issue with date of implementation of petitioner's order. In Powers v. Isley, supra, we held that the Board of Supervisors does not "* * * by virtue of the authority for approval, have the right to reduce or increase the salary fixed by the judge of their own right." 66 Ariz. 94, at page 104, 183 P.2d 880 at page 886. *See also*: Milburn v. Burns, 1 Ariz.App. 147, 400 P.2d 354 (1965). This does not mean, however, that the Board of Supervisors may not take issue with the date of implementation of a judge's order fixing salaries. The date of implementation may go to the question whether the judge's order fixing the salaries·is unreasonable, arbitrary and capricious. Although respondent Board could not change the date of implementation "of their own right" they can take issue with it for this purpose.

It may be unreasonable, arbitrary and capricious for a judge to order into effect a new salary schedule during the middle of the fiscal year instead of setting its effective date as the beginning of the next fiscal year. An orderly fiscal policy is a governmental necessity and to order an increase in excess of budget provisions might be unreasonable, arbitrary and capricious. It is unnecessary for us to decide this issue, however, since respondent in his response does not raise the issue. The Board of Supervisors by obtaining authorization from the Tax Commission to exceed its budget to comply with petitioner's order has further mooted the issue.

Petitioner's request for relief is granted and· respondent is ordered to approve and put.into effect petitioner's salary schedule effective April 13, 1970.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.