544 P.2d 1080

**Robert C. BROOMFIELD, Presiding Judge of the Superior Court of Arizona, Maricopa County, Petitioner,**

**v.**

**MARICOPA COUNTY, Henry H. Haws, Eldon Rudd, Robert K. Corbin, J. Robert Stark and Joe Eddie Lopez, Members of the Board of Supervisors of Maricopa County, Respondents,**

**and**

**Von LaPRADE, Real Party in Interest.**

**No. 12275.**

Supreme Court of Arizona,
In Banc.

Dec. 30, 1975.

[redacted]

[redacted]

Daughton, Feinstein & Wilson by Donald Daughton, Phoenix, for petitioner.

James G. Bond, Sp. Counsel to the Maricopa County Bd. of Supervisors, Phoenix, for respondents.

Lewis & Roca by John P. Frank, Phoenix, for real party in interest.

HOLOHAN, Justice.

The Presiding Judge of Maricopa County, Robert C. Broomfield, brings this special action against respondents, members of the Maricopa County Board of Supervisors, requesting that this Court direct the Board to comply with an order dated September 5, 1974, appointing Von LaPrade to the position of deputy adult probation officer.

The appointment was made pursuant to A.R.S. § 12–251 on August 6, 1975, by the chief adult probation officer of the Superior Court of Maricopa County. Judge Broomfield concurred with the appointment and it was to be effective on August 10, 1975. In a letter dated August 12, 1975, the Board of Supervisors informed the petitioner that the budget for the Adult Probation Department had been approved the previous day and that the Department would have to operate within that budget in the absence of "changed circumstances." Because there presently was no vacancy in LaPrade's job category, the appointment was considered "void." The Board concluded that this is "a period of time when fiscal economies are necessary" and that "there is no demonstrable need for an additional position" as "[i]t would appear that the . . . Department is over-supervised."

The petitioner then issued the September 5th order in which he directed the Supervisors to implement the appointment. Judge Broomfield reminded the Board that the additional position had been requested on two prior occasions and included in the Court's budget submitted on April 1, 1975. On September 9th the County Manager notified the petitioner that the Board "declines to abide by the terms of that order and has specifically directed that the County Controller not make salary payments."

A.R.S. § 12–251 A states:

"A. The presiding judge of the superior court in each county having a population of three hundred thousand persons or more shall appoint a chief adult probation officer who shall serve at the pleasure of the presiding judge. Such chief adult probation officer, with the approval of the presiding judge of the superior court, shall appoint such deputy adult probation officers as are necessary. Such deputy adult probation officers

shall hold office under rules and procedures established by the supreme court." The petitioner contends that through this statute the legislature has granted the presiding judge in qualifying counties sole power to approve the appointment of such deputy adult probation officers as are necessary, leaving the Board of Supervisors without any authority to review the court's decision. The respondents contend, on the other hand, that the judiciary is bound to abide by budgetary decisions made by the Board of Supervisors as the legislative arm of the county. In the alternative, the respondents assert that an adversary hearing should have been held to determine whether the appointment was "necessary."

■ Article 3 of the Arizona Constitution provides that governmental powers are to be divided into three areas:

"The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others."

This does not mean, however, that the legislature may not designate the judicial branch as its agent for certain purposes. As we stated in *Powers v. Isley*, 66 Ariz. 94, 183 P.2d 880 (1947):

"The legislature may, so long as it does not itself contravene some constitutional provision, authorize the judiciary to act in matters relating to its functioning. 11 Am.Jur., Constitutional Law, Sec. 225. 'Generally, unless the constitution otherwise provides, the legislature may authorize courts or judges, in aid of or in connection with the exercise of their judicial powers, duties, and functions, to appoint officers, including those whose duties are not strictly judicial. * * *' [Citation omitted.]" 66 Ariz. at 104–05; 183 P.2d at 887.

We have previously held that the legislature may, for instance, delegate to the courts the power to appoint probation officers, necessary office assistants and the power to fix their salaries. *Lockwood v. Board of Supervisors of Maricopa County*, 80 Ariz. 311, 297 P.2d 356 (1956). Such statutes highlight what is recognized as the judiciary's inherent power of control over personnel directly connected with the operation of the courts. *Mann v. County of Maricopa*, 104 Ariz. 561, 456 P.2d 931 (1969). In *Mann* we held "personnel" to include "bailiffs, probation officers, court reporters, court administrators, secretaries, and others working directly in connection with the administration of justice." 104 Ariz. at 563; 456 P.2d at 933. The inherent power flows from a necessary corollary of our tripartite form of government, "that the courts must be independent, unfettered, and free from directives, influence or interference from any extraneous source." *Smith v. Miller*, 153 Colo. 35, 384 P.2d 738 (1963).

The Board argues that *Lockwood v. Board of Supervisors, supra*, should be overruled because the power of the Board to determine the budget necessarily includes the power to control the elements of the budget, and the court and probation department should be bound by the budget adopted by the Board.

■ The powers of the Board of Supervisors are controlled by statute. A.R.S. Const. Art. 12, § 4. The power of the Supervisors to control the budget is subject to legislative control. There are many elements of the budget which are mandated by statute such as contributions to various retirement funds, salaries of elected officials, jury fees, and a host of others. The *Lockwood* case merely reaffirmed what had been the law of this state for many years that obligations which are fixed by the legislature as county charges bind the Board of Supervisors, as a ministerial duty, to meet such fixed expenses in the

annual budget. *Fullen v. Calhoun*, 39 Ariz. 40, 3 P.2d 786 (1931).

■ The appointment of probation officers is a matter which the legislature has vested exclusively with the presiding judge of the county. A.R.S. § 12–251 A. As we have noted, this is appropriate because such officers are part of the judicial function. The Board of Supervisors has no authority in the appointment process. They are required by law, as a ministerial duty, to provide the funds necessary to pay the salary of the probation officers appointed by the presiding judge pursuant to the statute.

■ The Board of Supervisors notes that the statute provides that there is a limitation on the power of the presiding judge in that he may only "appoint such deputy adult probation officers as are necessary." The Board contends that the appointment was unnecessary, and they should have the opportunity to challenge the decision. The position of the Board has merit if the challenge contemplated is restricted to a showing that the action of the presiding judge was unreasonable, arbitrary, or capricious. *Roylston v. Pima County*, 106 Ariz. 249, 475 P.2d 233 (1970); *Birdsall v. Pima County*, 106 Ariz. 266, 475 P.2d 250 (1970). The Board of Supervisors to challenge the action of the presiding judge would have to make a clear showing that the decision was unreasonable, arbitrary or capricious, and, in the absence of such clear showing, the decision of the presiding judge must be upheld.

■■ How does the Board of Supervisors challenge the action of the presiding judge? In the instant case the Board simply refused to honor the appointment, and, when ordered to comply, they refused to comply with the order of the presiding judge. Now that the presiding judge has sought relief by special action, the Board of Supervisors requests a hearing before this Court. The request is not timely. The Board had ample time after the action of the presiding judge within which to seek relief. It is a settled principle of law that an order issued by a court with jurisdiction over the subject matter must be obeyed by the parties until that order is reversed by orderly and proper proceedings. *United States v. United Mine Workers of America*, 330 U.S. 258, 67 S.Ct. 677, 91 L. Ed. 884 (1947); *Russell v. United States*, 86 F.2d 389 (8th Cir. 1936). This principle applies whether the subject matter be litigation or administrative as long as the court had jurisdiction of the matter.

If the Board of Supervisors wished to contest the action of the presiding judge they had the duty to seek relief from this Court by the filing of a special action. Pursuant to Rule 4(e) of the Rules of Procedure for Special Actions, a hearing could have been ordered at which the Board could present any evidence they had to sustain their position. Since the Board elected to follow another route, we find no merit in the request for a hearing. Having failed to seek relief in this Court from the order of the presiding judge, the Board is bound to comply with that order.

In view of the disposition we make of this cause we find no necessity in deciding whether the subject probation officer was a tenure employee under A.R.S. § 12–251 E by reason of her previous service with the probation department under a federal grant.

The relief sought by petitioner is granted, and the respondent Board of Supervisors is directed to comply with the order of the petitioner presiding judge appointing respondent Von LaPrade to the position of deputy adult probation officer for the Superior Court of Maricopa County.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS, J., concur.

GORDON, Justice (dissenting):

I must respectfully dissent. The majority concedes that the Board of Supervisors

has the right to challenge the order of the Presiding Judge on the basis that his actions in entering the order are unreasonable, arbitrary and capricious and states that this challenge could have been made by the Board of Supervisors applying for relief under Rule 4(e) of the Rules of Procedure for Special Actions. In this case the Presiding Judge sought the special action, and the Board of Supervisors in its response filed in this Court alleged that the Presiding Judge was acting in an unreasonable, arbitrary and capricious manner in appointing Mrs. LaPrade. Further, the Board of Supervisors requested an adversary hearing in its pleadings which the majority suggests would have been available to it if it had been the one first to seek this relief.

I feel that the issue of whether the Presiding Judge was acting in an unreasonable, arbitrary and capricious manner in making the appointment was properly before this court on the pleadings.

A master could have been appointed under Rule 4(e), Rules of Procedure for Special Actions, to hold this adversary hearing, to hear all competent evidence from both sides, and to make findings of whether in his opinion the actions of the Presiding Judge under this evidence were in fact unreasonable, arbitrary and capricious. In that hearing, the Board of Supervisors would be required to carry the burden of making a clear showing that Mrs. LaPrade's appointment was not "necessary". After receipt of these findings this Court could either accept or reject them, and determine whether the Presiding Judge's actions are unreasonable, arbitrary and capricious.

No time schedule or preferred sequence of Special Action filings has been previously postulated by this Court on this issue. In the absence of these guidelines, I would not deprive the Board of Supervisors of its right to an adversary hearing.