546 P.2d 811

Anthony T. DEDDENS, Presiding Judge of the Superior Court of the State of Arizona, in and for the County of Cochise, Petitioner,

v.

COCHISE COUNTY, a Body Politic, the Board of Supervisors of Cochise County, and John L. Glass, Andrew J. Gilbert, Jr., V. L. Thompson, Members of the Board of Supervisors of Cochise County, Respondents.

No. 12315.

Supreme Court of Arizona, In Banc.

Feb. 27, 1976.

Polley & Polley, by Wesley E. Polley, Bisbee, for petitioner.

Richard J. Riley, Cochise County Atty., by James K. Kerley, Deputy County Atty., Bisbee, for respondents.

GORDON, Justice:

The Presiding Judge of Cochise County, Anthony T. Deddens, brings this special action against respondents, members of the Cochise County Board of Supervisors, requesting that this Court direct the Board to comply with an Order made pursuant to A.R.S. § 12–252 and dated June 30, 1975, raising the salaries of Chief Adult Probation Officer Dorothy Yuncevich and Deputy Adult Probation Officer Timothy Sperling.

The respondents contend that they are justified in refusing to pay the increased salaries because they are "unreasonable, arbitrary and capricious at a period of time of economic depression and diminished tax revenues." In addition, the Board of Supervisors alleges that the petitioner's action is discriminatory as to other employees of Cochise County and that his failure to hold an adversary hearing on the merits of the Order constitutes a denial of due process and raises the defense of laches.

A.R.S. § 12–252 provides in part:

"A. The salary of the adult probation officers shall be fixed by the presiding judge of the superior court with the approval of the board of supervisors."

Article 3 of the Arizona Constitution states that government powers are to be divided into three areas, the legislative, executive and judicial branches, and that "no one of such departments shall exercise the powers properly belonging to either of the others." The Legislature may, however, designate the judicial branch as its agent for certain purposes:

"The Constitution of the State of Arizona at the inception of statehood designated the judicial branch of the state government in several instances, as the agency for the fixing of salaries, and nothing has transpired subsequent to the adoption of the constitution of this state by legislation, constitutional amendment, or court decisions to prevent such a power from being conferred upon the court by the legislature in proper cases.

\*     \*     \*     \*     \*     \*

"[S]uch action has heretofore been taken by both constitutional provisions and also by legislative action." *Powers v. Isley*, 66 Ariz. 94, at 102, 183 P.2d 880, at 885 (1947).

In *Birdsall v. Pima County*, 106 Ariz. 266, 475 P.2d 250 (1970) and *Mann v. County of Maricopa*, 104 Ariz. 561, 456 P.2d 931 (1969) we quoted with approval

the following language from *Smith v. Miller*, 153 Colo. 35, 384 P.2d 738 (1963):

" 'We hold that the district judges of the Fourth Judicial District are empowered to fix the salaries of its employees. We further hold, in the absence of a clear showing that the acts of the judges in fixing such salaries were arbitrary and capricious and that the salaries so fixed are unreasonable and unjustified, that it is the ministerial duty of the county commissioners to approve them and to provide the means for payment of such salaries. We further hold that where a question is raised as to the reasonableness of the salaries fixed by the judges or whether their acts in respect thereto are arbitrary and capricious, the burden is on the Board to establish such facts by competent evidence.' " *Birdsall v. Pima County,* 106 Ariz. at 268, 475 P.2d at 252; *Mann v. County of Maricopa,* 104 Ariz. at 565, 456 P.2d at 935. See *Roylston v. Pima County,* 106 Ariz. 249, 475 P.2d 233 (1970).

The Board of Supervisors' obligation to pay the salary ordered pursuant to A.R.S. § 12–252A is not limited by the provisions of the budget law (A.R.S. § 42–302 et seq.), and "when * * * fixed and approved and the services rendered, the same become legal obligations of the county and must be paid, even if the result might operate to exceed the budget estimate." *Lockwood v. Board of Supervisors of Maricopa County,* 80 Ariz. 311, 297 P.2d 356 (1956).

█ We find that under the facts of this case the respondents have waived their right under A.R.S. § 12–252 to disapprove of the salary increases and obtain a hearing on the reasonableness of the petitioner's Order. We recently faced a similar problem in *Broomfield v. Maricopa County,* Ariz., 544 P.2d 1080 (1975) where, under A.R.S. § 12–251A the appointment of additional probation officers by the chief adult probation officer with the approval of the presiding judge must have been "necessary". In both this case and *Broom-*

*field* a significant lapse, here over three and one-half months, occurred between the issuance of the petitioner's Order and his effort to enforce it by filing this special action. Thus the respondents had more than an ample opportunity to file their own special action and request that we appoint a master pursuant to Rule 4(e), Rules of Procedure for Special Actions. The master would preside at a hearing where the respondents "would have to make a clear showing that the [petitioner's] decision was unreasonable, arbitrary or capricious, and, in the absence of such clear showing, the decision of the presiding judge must be upheld." *Broomfield v. Superior Court,* supra. The findings of fact would then be forwarded to this court. Having failed to properly seek relief from the Order within a reasonable period, the Board of Supervisors in this case may not now claim that they have been denied due process.

█ The petitioner hired private counsel to represent him in this matter because of the county attorney's conflict of interest arising from the fact that he consulted with and advised the Board of Supervisors during the negotiations between the parties which preceded the filing of this special action. We conclude that the Board must pay the reasonable attorney's fees incurred by petitioner as this litigation was a direct result of the respondents' failure to comply with an order specifically authorized by statute and held to be a legitimate judicial function in previous decisions by this Court. See *Birdsall v. Pima County,* supra. *Lockwood v. Board of Supervisors of Maricopa County,* supra. The petitioner was left with no effective alternative other than to bring this action and thereby preserve the independence of the judiciary and demonstrate that county officials may not avoid a lawful order simply by ignoring it. As we stated in *Mann v. County of Maricopa,* supra:

" 'It is an ingrained principle in our government that the three departments of government are coordinate and shall cooperate with and complement, and at the

same time act as checks and balances against one another but shall not interfere with or encroach on the authority or within the province of the other. The legislative and executive departments have their functions and their exclusive powers, including the "purse" and the "sword". The judiciary has its exclusive powers and functions, to-wit: it has judgment and the power to enforce its judgments and orders. In their responsibilities and duties, the courts must have complete independence. It is not only exiomatic (sic), it is the genius of our government that the courts must be independent, unfettered, and free from directives, influence, or interference from any extraneous source. It is abhorrent to the principles of our legal system and to our form of government that courts, being a coordinate department of government, should be compelled to depend upon the vagaries of an extrinsic will. Such would interfere with the operation of the courts, impinge upon their power and thwart the effective administration of justice. These principles, concepts, and doctrines are so thoroughly embedded in our legal system that they have become bone and sinew of our state and national polity.

" '[T]he courts have the inherent power to carry on their functions so that they may operate independently and not become dependent upon or a supplicant of either of the other departments of government, and may incur necessary and reasonable expenses in the performance of their judicial duties and, in cases such as this one, it is the plain ministerial duty of those who control the purse to pay such expenses except only where the amounts are so unreasonable as to affirmatively indicate arbitrary and capricious acts. * * *' " *Mann v. County of Maricopa,* 104 Ariz. at 564–65, 456 P. 2d at 934–35.

The relief sought by petitioner is granted, and the respondent Board of Supervisors is directed to comply with the order of the petitioner presiding judge raising the salaries of Chief Adult Probation Officer Dorothy Yuncevich and Deputy Adult Probation Officer Timothy Sperling, both probation officers for the Superior Court of Cochise County. The Board is also directed to pay the reasonable attorney's fees incurred by the petitioner in bringing this special action.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.