177 P.2d 823

**UNITED STATES FIDELITY & GUARANTY CO. v. STATE et al.**

No. 4851.

Supreme Court of Arizona.

Feb. 24, 1947.

E. G. Frazier and Charlie W. Clark, both ·of Phoenix, for appellant.

John L. Sullivan, Atty. Gen., John W. Rood, Asst. Atty. Gen., and Edwin Beauchamp, County Atty., and Fred J. Hyder, Deputy County Atty., both of Phoenix, for appellees.

LaPRADE, Judge.

Frank L. James was informed against in the Superior Court of Maricopa County for the crime of obtaining money by means of a bogus check, a felony, and admitted to bail in the sum of $750. Bail being furnished by the defendant's undertaking, on which the appellant United States Fidelity & Guaranty Company, a corporation, was surety, the defendant was released from custody. The bail bond was conditioned that James would personally appear before the court to answer the information; at all times render himself amenable to all orders and processes of the court; and render himself for trial upon the same. Defendant appeared for arraignment with counsel, entered a plea of not guilty, and the case was regularly set down for trial on a day certain. On the trial date counsel for the state and defendant appeared in open court, whereupon the state announced that it was ready for trial. Defendant did not appear, and no legal cause being shown to excuse his absence, the court entered its order forfeiting defendant's bail, and ordered a bench warrant for his apprehension. Ten days having elapsed and the forfeiture not having been discharged, the county attorney, by the authority of the provisions contained in section 44-451, A.C.A.1939, filed in the office of the clerk of the court a certified copy of the order of the judge forfeiting the undertaking, together with a written request to docket and enter a judgment in the amount of the bond in favor of the county and against defendant Frank L.

James and his surety. The clerk complied with this request, docketed the same, and entered judgment against each of them. Thereafter United States Fidelity & Guaranty Company filed a motion to vacate the judgment upon the ground that as to it the judgment was null and void for the reason that it was entered by the clerk of the court without authority of law. The motion to vacate was denied, whereupon appellant perfected this appeal from the judgment and the order denying its motion to vacate the judgment.

Briefly summarized, appellant's assignment of error is to the effect that the judgment was entered without authority of law for the reason that it was entered and docketed by the clerk of the superior court without any order for judgment by the judge of the court. In support of this assignment, appellant submits the following propositions of law, which we have summarized.

## I

That the clerk of the court has no judicial authority, and that judicial authority cannot be conferred upon the clerk by a rule promulgated by the Supreme Court.

## II

That section 44-451, A.C.A.1939, being a rule of court, is in violation of and in excess of the powers granted the Supreme Court by Ch. 8, Laws of Arizona 1939 (Art. 2, Ch. 19, A.C.A.1939), and that said rule deprives appellant of the substantive right of a trial by jury as provided by section 5171, R.C.A.1928, in effect at the time of the adoption of the rule contained in section 44-451, A.C.A.1939, and as guaranteed by the Constitution, sec. 23 of Art. 2.

Appellant's first proposition of law asserting that the clerk of the court has no judicial authority, and that judicial authority cannot be conferred upon the clerk by a rule promulgated by the Supreme Court, in our opinion, is without merit. Appellant argues that by our State Constitution the judicial power of the state is vested in the Supreme Court, superior courts, justices of the peace, and such courts inferior to the superior courts as may be provided by law. Art. 6, sec. 1, Ariz.Const. The statutes enacted subsequent to the adoption of the Constitution defining the powers and duties of the clerk of the court were all statutes relating to procedure and the functioning of the court. We pointed out in Burney v. Lee, 59 Ariz. 360, 129 P.2d 308, 311, that the rule-making power is essentially judicial in its nature, and that the act conferring rule-making power upon the court "was not unconstitutional as an unauthorized delegation of legislative power, but was merely a withdrawal by the legislature from the field in which it had at most merely concurrent power with the courts." By the rules adopted no attempt has been made to confer upon the clerk of the court the authority to make an order for a judgment, which right is vested solely in the court, speaking through its judge. In the instant case, the predicate for the judgment, that was physically entered by the

clerk, was the order of the court forfeiting the bond. ·The clerk's duties are not purely ministerial, but are rather an integral part of the whole judicial process. The clerk of the court from time immemorial has been considered an officer of the court and as such endowed with certain judicial authority to aid and promote the judicial process. The clerk of the court is a constitutional officer "who shall have such powers and perform such duties * * *, as shall be provided by law." Art. 6, sec. 18, Ariz.Const. A civil action is commenced by filing a complaint with the court, sec. 21-301, A.C.A.1939: this is physically accomplished by filing the complaint with the clerk. Summons is issued by the clerk, sec. 21-302, A.C.A. 1939. All mesne process and process to enforce and execute judgments, for entering defaults, and for other proceedings which do not require allowance or order of court are grantable of course by the clerk, such as taxing costs, sec. 21-1204, A.C.A. 1939; entering defaults when party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, sec. 21-1205, A.C.A. 1939; entering judgment on direction of court when prevailing party recovers only money or costs, sec. 21-1230, A.C.A. 1939; and, entering judgment when party asserting claim accepts offer of defending party to allow judgment to be taken against him as specified, sec. 21-1612, A.C.A. 1939. In cases of judgments for money or costs only, or that there be no recovery, a notation thereof in the civil docket, by the clerk, constitutes the entry of judgment, Sec. 21-1230, A.C.A. 1939; Southwestern Freight Lines v. Shafer, 57 Ariz. 111, 111 P.2d 625; Julian v. Carpenter, 65 Ariz. 157, 176 P.2d 693.

The second proposition of law presents two fundamental questions. They are:

1. Did the appellant as surety on the forfeited bond have the right to have filed against it an action, and the right to a jury trial thereon?

2. Is the right to a trial by jury a substantive right? The answer to the first question is determinative of the appeal.

The constitutional provision referred to, being Art. 2, sec. 23, reads as follows: "(Trial by jury.)—The right of trial by jury shall remain inviolate, but provision may be made by law for a jury of a number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of a jury in civil cases where the consent of the parties interested is given thereto."

Section 5171, R.C.A. 1928, referred to in the same proposition of law, provides the method for the forfeiture of the bond where the defendant fails to appear, and then says: "* * * If the forfeiture be not discharged, the county attorney may, at any time after twenty days from the entry in the minutes, bring an action against the sureties upon their bail, or if money was deposited the clerk with whom it was deposited, shall, at the end of thirty days, pay

the money deposited to the county treasurer."

The new rule relating to the enforcement of a forfeiture of a bail bond is section 44-451, A.C.A. 1939, and reads as follows: "Enforcement of forfeiture.—If the forfeiture is not discharged as provided in section 104 (§ 44-450), and the undertaking is one secured otherwise than by the deposit of money or bonds, it shall be the duty of the county attorney, immediately after the lapse of ten (10) days after the forfeiture, to proceed against the defendant, or any surety, upon his undertaking, as follows: The county attorney shall file a certified copy of the order of the court or judge forfeiting the same, in the office of the clerk of superior court of the county wherein such order shall have been made, and thereupon the said official shall docket the same and enter judgment against the person bound by the undertaking for the amount of the penalty of said undertaking, and execution shall be issued to collect the amount of said undertaking." (Rules Cr. Proc., sec. 105.)

This rule was promulgated and adopted by this court by authority of its conceived power to promulgate rules and regulate pleading, practice, and procedure in judicial proceedings in all courts of the state. The authority conferred upon this court was by an act of the legislature, being Ch. 8, sec. 1, Laws of 1939 (now incorporated in A.C.A. 1939 as section 19-202). This section reads as follows: "Rules of pleading, practice, and procedure.—The Supreme Court, by rules promulgated from time to time, shall regulate pleading, practice and procedure in judicial proceedings in all courts of the state, for the purpose of simplifying the same and of promoting the speedy determination of litigation upon its merits. Such rules shall not abridge, enlarge or modify the substantive rights of any litigant. The Supreme Court shall cause the rules to be printed and distributed to all members of the state bar of Arizona and to all persons who apply therefor, and they shall not become effective until sixty (60) days after such distribution."

■ That the right to a trial by jury is a most substantial right is beyond question. Brown v. Greer, 16 Ariz. 215, 141 P. 841. It has been referred to as the birthright of every free man, and a right which is justly dear to the American people, 31 Am.Jur., Jury, § 3, p. 552, and this court was and is without authority to adopt a rule abridging, enlarging, or modifying that right. State v. Pierce, 59 Ariz. 411, 129 P.2d 916; Hinton v. Hotchkiss, 65 Ariz. 110, 174 P.2d 749. Counsel for appellant contend that at the date of the adoption of the new rules of criminal procedure the method for the enforcement of a forfeited bail bond was by an action filed by the county attorney, sec. 5171, R.C.A.1928, and that such an action was triable to a jury as a matter of right under the Constitution providing that "the right of trial by jury shall remain inviolate." Counsel point out

that at the time of the adoption of the Constitution it was provided by statute that "In all cases, both at law and in equity, either party shall have the right to submit all issues of fact to a jury." Sec. 1389, R.S.A.1901, and citing Brown v. Greer, supra. In this Greer case, it was held that the right of trial by jury that was preserved by the Constitution was the right that existed immediately prior to the adoption of the Constitution, and encompassed more than the right as it existed at common law, and that a jury could be demanded as a matter of right in equity cases. This particular holding in the Greer case (assuming it was correctly determined —see Donahue v. Babbitt, 26 Ariz. 542, 227 P. 995; Miller v. Thompson, 26 Ariz. 603, 229 P. 696; and Davis v. First Nat. Bank of Oakland, 26 Ariz. 621, 229 P. 391) can be complied with, as we shall point out, with no benefit to appellant.

What is the effect to be given to the 1901 statute which provided that "In all cases * * * at law * * * either party shall have the right to submit all issues of fact to a jury"? Counsel for appellant wish it to be interpreted to mean that it is all inclusive. The expression "cases * * * at law" has been invariably construed as referring to ordinary common-law actions, as distinguished from suits in equity, or admiralty and special proceedings, or what are called "remedial cases." State v. Minnesota Thresher Mfg. Co., 1889, 40 Minn. 213, 41 N.W. 1020, 3 L.R.A. 510. Neither the legislature that enacted the 1901 statute nor the makers of the Constitution intended that in all cases at law there was a right to a trial by jury. Petty offenses at common law were not triable to a jury. Willis on Constitutional Law, p. 554. This author points out that: "In the colonies among such offenses were profanity, drunkenness, violation of prohibition statutes, immorality, vagrancy, disorderly conduct, scolding, illicit sale of liquor, fraudulent weighing, swearing rashly, selling liquor to Indians, hunting and fishing, carrying concealed weapons, clamorous scolding, blasphemy, petty threatening of harm to persons and goods, adultery, improper care of servants, eating flesh in Lent, and many other offenses of like nature. * * *"

Many of these petty offenses that existed at common law and in the colonies are offenses in Arizona by statute and municipal ordinances. Judge Ross, speaking for this court in Bowden v. Nugent, 26 Ariz. 485, 226 P. 549, 550, in referring to the constitutional provisions guaranteeing a jury trial, said: "* * * The courts are in accord that their purpose is to preserve, not to create rights; to assure, after the Constitution is in effect, that persons accused of crimes may demand and have a jury trial in those cases as to character or grade, in which they could demand and have a jury trial before the Constitution was adopted, and that it is not a general guaranty that all accused per-

sons shall have the right to a jury trial regardless of the grade or character of the offense laid against them or the forum of trial. Brown v. Greer, 16 Ariz. 215, 141 P. 841; People v. Martin, 188 Cal. 281, 205 P. 121, 21 A.L.R. 1399, 1403." See State v. Shearer, 27 Ariz. 311, 232 P. 893.

 The 1901 statute specifically limited the cases at law that were triable to a jury to those cases in which there existed issues of fact. The enforcement of forfeitures of recognizances at common law was upon the record. This is authoritatively pointed out in the early cases of Gildersleeve v. People, 10 Barb., N.Y., 35; People v. Quigg, 59 N.Y. 83; Kirk v. United States, C.C., 131 F. 331. In the Quigg case it is said:

"In actions upon recognizances, the trial was at common law by the record, and by the court and not by a jury, and even in actions upon recognizances * * * as well as the forfeiture were not triable by a jury.

"The remedies upon forfeited recognizances have at all times been subject to legislative action and regulated by statute, and summary proceedings, rather than formal suits at law, have been usually allowed."

In the Gildersleeve case, a statute of the State of New York which permitted judgment upon a forfeited recognizance to be entered of course without further proceedings was held to be constitutional. The court reviewed the common-law cases, and held that the statute was merely declaratory of the common-law procedure.

 Under the old procedure (sec 5171, R.C.A. 1928) where the county attorney filed an action against the surety on its bond, the defendant was not entitled to a jury unless it should appear from the pleadings that there were issues of fact to be determined. That this is a correct deduction necessarily follows from the wording of the 1901 statute and the Constitution. The Constitution provides that the right to trial by jury shall remain inviolate. The 1901 statute provided that in all cases at law either party should have the right to submit all issues of fact to a jury. The rule authorizing the clerk to enter judgment after the judge has entered his order forfeiting the undertaking takes away no right but operates in furtherance of the remedy. It furnishes a more summary method of enforcing an existing obligation that has been acknowledged by the execution of the bond. The motivating theory supporting this rule is identical with the reasons supporting the rule providing for summary judgments in civil cases. Rule 56, Rules Civ.Proc., secs. 21-1210–21-1216, A.C.A.1939, provides a method for securing a summary judgment. The rule is a procedural device for promptly disposing of actions in which there is no genuine issue as to any material matter of fact. The purpose of the rule is to eliminate a trial where there are no issues of fact.

Courts of last resort have repeatedly sustained the constitutionality of the summary judgment procedure, holding that it does not infringe the constitutional right of a party to a jury trial. See Moore's Fed. Prac. under the New Federal Rules, Rule 56, where the function, history, and constitutionality of the summary procedure is treated with copious citations.

■ Under our rule relating to the enforcement of the forfeiture, Rules Cr.Proc., sec. 105, sec. 44-451, supra, a period of ten days must elapse after the forfeiture before the county attorney can file the certified copy of the order of forfeiture with the clerk. By Rule 106, Cr.Proc., sec. 44-452, the court directing the forfeiture, or the Supreme Court, may for reasonable cause shown within twenty days set aside the judgment in whole or in part upon such terms as are just. The party desiring to avoid a forfeiture has in all thirty days in which to make a showing that the forfeiture and the ensuing judgment should not have been entered. He could do this by showing to the court that there are issues of fact to be determined, which might be that he had not executed the bond; that the bond was a forgery; or, that the purported agent who executed the bond was in fact no agent; and possibly other defenses. Should this situation be made to appear by affidavit or proof to the satisfaction of the court, the court would be justified and would of necessity be compelled to set aside the forfeiture and any resulting judgment that had been entered thereon. If this situation should arise, the enforcement of the undertaking could be accomplished only by a judgment founded on pleadings and findings of fact by the court or jury, if demanded. In the instant case, plaintiff, in its motion to vacate the judgment and set aside the forfeiture, did not disclose that there were any issues of fact. No attempt having been made in the motion to vacate the judgment to show that there was a bona fide issue of fact, the court could not properly have done otherwise than deny the motion.

The reasoning of the court in General Inv. Co. v. Interborough Rapid Transit Co., 1923, 235 N.Y. 133, 139 N.E. 216, 220, is entirely applicable here. In that case the court was referring to a rule comparable to Rule 56, Rules Civ.Proc. It said: " * * * The rule in question is simply one regulating and prescribing procedure, whereby the court may summarily determine whether or not a bona fide issue exists between the parties to the action. A determination by the court that such issue is presented requires the denial of an application for summary judgment and trial of the issue by jury at the election of either party. On the other hand, if the pleadings and affidavits of plaintiff disclose that no defense exists to the cause of action, and a defendant, as in the instant case, fails to contravert such evidence and establish by affidavit or proof that it has a real defense and should be permitted to defend, the

court may determine that no issue triable by jury exists between the parties and grant a summary judgment."

We have examined the reported case of People v. Page, 100 Cal.App. 252, 279 P. 1059, 1060, wherein the law in effect at the time the bond was given provided that an action should be commenced against the bail before judgment could be entered. At the time the forfeiture was declared, a summary judgment was entered under an amendment in no wise different in effect from the procedure provided for under our present rules. In reference to this situation the court said: "The law in effect at the time appellant delivered its bond provided that an action should be commenced against the bail before a judgment could be entered on the bond. Pen.Code, § 1305. The corollaries flowing from that proposition are that the appellant should have been served with summons and complaint, that it should have had an opportunity to appear and answer, and should have had a trial. To enter a judgment against the sureties before they had had their day in court was in error. (Citing cases) It is settled law that the sureties in such an action may interpose certain defenses, some of which are stated in the following authorities: (Citing cases). It is not necessary nor appropriate for us to surmise what defense or defenses the appellant may interpose, but, from the record before us, it is patent that we are unable to say that the appellant has no defense.

Suffice it to say that the undertaking in the instant case was given at a time when the new rule was in effect and the surety knew the full significance thereof. This case specifically recognized that the rule held to be applicable in People v. Page would not be applicable to a set of facts which occurred after the amendment to the Penal Code authorizing summary judgments took effect. People v. Hodges, 205 Cal. 476, 271 P. 897. In consideration of the effect which we have heretofore given to the general procedure on summary judgments, we are not impressed by the reasoning in People v. Page, supra, to the effect that it is not necessary nor appropriate for the Supreme Court to surmise what defense or defenses the appellant might have interposed to an action on the bond. In consideration of the provisions allowing an application to be made to the court to show that a forfeiture is unjust; and in view of our further determination that under the common law, the statutes at the time the Constitution was adopted, and the Constitution itself, no jury trial is available unless there are issues of fact, we necessarily conclude that there is then no deprivation of a substantive right but we are, in fact, preserving the right of trial by jury where it is legally made to appear that bona fide issues of fact exist.

We conclude that the new rules providing for a summary method to effect the collection on a defaulted bail undertaking relate solely to procedure and do not de-

prive·a surety on a forfeited bail of any substantive right in the absence of an affirmative showing that there are controverted issues of fact to be determined.

For the foregoing reasons, the judgment is affirmed.

STANFORD, C. J., and UDALL, J., concur.