475 P.2d 233

Robert O. ROYLSTON, Presiding Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Petitioner,

v.

PIMA COUNTY, a body politic; the Board of Supervisors of Pima County, and Thomas Jay, Dennis Weaver and James J. Murphy, Members of the Board of Supervisors of Pima County, Respondents.

No. 10095.

Supreme Court of Arizona, In Banc.

Oct. 9, 1970.

Molloy, Jones, Hannah, Trachta & Coolidge, Tucson, for petitioner.

Robert N. Hillock, Tucson, for respondents.

HAYS, Justice.

Petitioner, Presiding Judge of the Superior Court of Pima County, comes to this Court by Petition for Special Writ requesting this Court to order respondent Board to formally approve the appointment of Lois Jane Tinuzzo as a deputy clerk of the Superior Court of Pima County.

The undisputed facts are as follows: On May 15, 1970 the Clerk of the Superior Court of Pima County appointed Lois Jane Tinuzzo as a deputy clerk effective May 18, 1970. This appointment was approved by petitioner. The Clerk then requested that respondents consent to the appointment and place the new employee on the payroll. This employee commenced her employment on May 18, 1970 but received no compensation for services rendered. Petitioner, on June 2, 1970, entered an order commanding respondents to approve the hiring of Lois Jane Tinuzzo as of May 21, 1970. Respondent, however, failed to put this order into effect.

The issue before this Court is concerned with the scope of the Board of Supervisors' authority in approving or disapproving appointments made by the Clerk of the Superior Court.

The issue of the Board of Supervisors' authority respecting the office of Clerk of the Superior Court turns on whether or not the Clerk's office is subject to the control of the judicial branch of government. Section 11–401, 3 A.R.S., lists the Clerk as an officer of the county. This Court, however, in United States Fidelity & Guaranty Co. v. State, 65 Ariz. 212, 177 P.2d 823 (1947) held:

"The clerk's duties are not purely ministerial, but are rather an integral part of the whole judicial process. The clerk of the court from time immemorial has been considered an officer of the court and as such endowed with certain judicial authority to aid and promote the judicial process." 65 Ariz. at page 215, 177 P.2d at page 824.

Thus, there is a conflict with the literal language of § 11–401 and the decision of

this Court. To resolve this conflict it is necessary to look to the Constitution of the State of Arizona.

■ The Arizona Constitution A.R.S., provides in Article III for the distribution of powers among the three branches of government:

"The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others."

The Constitution then provides for the Clerk of the Superior Court in Article VI, § 23, as amended:

"There shall be in each county a clerk of the superior court. The clerk shall be elected by the qualified electors of his county. * * * The clerk shall have such powers and perform such duties as may be provided by law or by rule of the Supreme Court or superior court. He shall receive such compensation as may be provided by law."

It is the opinion of this Court that in light of the fact that the office of Clerk of the Superior Court is created in Article VI which is concerned with the Judicial Department that the office of Clerk of the Superior Court is a part of the judicial branch of government.

■ In Mann v. County of Maricopa, 104 Ariz. 561, 456 P.2d 931 (1969) we recognized that:

" * * * '(1) It is the legislative intention, as expressed in the statute, which the court must ascertain and declare; and (2) *it must be assumed that the legislature acted with full knowledge of relevant constitutional provisions, inherent judicial powers existing, and of previous legislation and decisional law on the subject;* that it did not intend to create a situation amounting to a de-

parture from the general concept of democratic government; and that it ought to recognize and confirm inherent powers rather than to destroy them.' " (Emphasis added). 104 Ariz. at page 564, 456 P.2d at page 954.

We assume, therefore, that the legislature in enacting §§ 11–401 and 11–409 did so with full knowledge of relevant constitutional provisions and the inherent powers of the Court. We believe that it was not the intent of the legislature in enumerating the office of Clerk of the Superior Court as a county office in § 11–401 to remove that office from the supervisory control of the judiciary. If the judiciary has the power under Article VI, § 23 to provide for the powers and duties of the Clerk of the Superior Court it necessarily follows that the judiciary has the power to supervise the operation of that office.

■ Having decided that the Clerk of the Superior Court is subject to the supervision of the judiciary it is now necessary to determine the authority of the Board of Supervisors to approve or disapprove appointments made by the Clerk under § 11–409. In Mann v. County of Maricopa, supra, we held:

"1. The department of government which has the power of control of personnel directly connected with the operation of the Courts is the Judicial Department.

&ast; &ast; &ast; &ast; &ast; &ast;

3. The Board of Supervisors had the ministerial duty of approving the request, unless there is a clear showing that the judges acted unreasonably, arbitrarily, and capriciously in making the request." 104 Ariz. at page 566, 456 P.2d at page 936.

It is the holding of this Court that the Board of Supervisors has the ministerial duty under § 11–409 to consent to the appointment of employees by the Clerk unless the Board can clearly show that the Clerk acted "unreasonably, arbitrarily, and capriciously" in making the appointment. There

 

being no such showing here, and the Court having approved the appointment, the Board of Supervisors is ordered to approve the personnel request effective as of May 21, 1970.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.