545 P.2d 47

Richard L. HARRIS, Maricopa County
School Superintendent, Petitioner,

v.

Leon H. MAEHLING, Yuma County School
Superintendent, Respondent.

No. 12366.

Supreme Court of Arizona,
En Banc.

Jan. 23, 1976.

Tanner, Jarvis, Owens & Hoyt, Ltd. by Wallace O. Tanner, Phoenix, for petitioner.

Bruce E. Babbitt, Atty. Gen. by J. Michael Low, Phoenix, Treon, Warnicke & Dann, P. A. by B. Michael Dann and Douglas G. Martin, Phoenix, for respondent.

HAYS, Justice.

Richard L. Harris, petitioner, brings this original proceeding in quo warranto under ARS § 12–2043 to have Leon H. Maehling, respondent, declared a usurper of the office of a member of the State Board of Education.

Petitioner was nominated on March 26, 1974, by then Governor Jack Williams to succeed himself as a member of the State Board of Education. The appointment was submitted to the senate for confirmation. On May 10, 1974, the senate and legislature adjourned *sine die* without taking any formal action with regard to the nomination. Subsequently, on May 14, 1974, Governor Williams confirmed petitioner's appointment by letter, under the provisions of ARS § 38–211(B), for a term ending on the third Monday of January, 1978. Subsequent to petitioner's appointment, the Attorney General rendered an opinion concerning petitioner's appointment, and con-

cluded that it was of no force or effect. Respondent was later nominated by Governor Raul Castro for the position held by petitioner, and that nomination was confirmed by the senate. Respondent took office on or about July 28, 1975.

Petitioner contends that he was lawfully appointed to the State Board of Education, and as such is entitled to possession of that office. He urges this court to declare respondent to be a usurper and seeks an award of attorney's fees and costs, and the imposition of a fine on respondent for usurping, intruding into or unlawfully holding office.

Article 11, § 3 of the Arizona Constitution provides as follows:

"The State Board of Education shall be composed of the following members: the Superintendent of Public Instruction, the President of a State University or a State College, three lay members, a member of the State Junior College Board, a superintendent of a high school district, a classroom teacher and a county school superintendent. Each member, other than the Superintendent of Public Instruction, to be appointed by the Governor with the consent of the Senate. The powers, duties, compensation and expenses, and the terms of office of the Board shall be such as may be prescribed by law. As amended, election Nov. 3, 1964, eff. Dec. 3, 1964."

In *McCall v. Cull*, 51 Ariz. 237, 75 P.2d 696 (1938), this court considered an appointment by the governor under a statute providing for appointment with the advice and consent of the senate. We concluded that "[u]nder this statute, his power to appoint is in conjunction with the Senate. The two must concur. The Governor cannot exercise the power alone." *McCall, supra,* at 699. Ariz.Const. art. 11, § 3, clearly requires that the governor and senate concur on the appointment of a member of the State Board of Education.

Petitioner argues that the appointment was lawfully made under the provisions of ARS § 38–211(B), the relevant portion of which states as follows:

"If the senate takes no formal action on the nomination during such legislative session the governor may after the close of such legislative session appoint the nominee to serve for the term, or, in case of a vacancy, for the unexpired term in which the vacancy occurred."

"[T]he power of the legislature is plenary and unless that power is limited by express or inferential provisions of the Constitution, the legislature may enact any law which in its discretion it may desire." *Whitney v. Bolin,* 85 Ariz. 44, 330 P.2d 1003 (1958). The legislature may not enact a statute which is in conflict with a provision of the Arizona Constitution. In light of Ariz.Const. art. 11, § 3, we must conclude that ARS § 38–211(B) does not apply to this office. Its application must be limited to offices wherein the method of appointment is not constitutionally provided. The appointment of a member of the State Board of Education must be approved by the senate.

Petitioner validly held the office as an incumbent until his successor was appointed, approved by the senate and qualified. "[T]he former incumbent may hold over until a successor is properly appointed and confirmed." *McCall, supra,* 75 P.2d at 699. We hold that the respondent, Leon H. Maehling, is properly a member of the State Board of Education.

STRUCKMEYER, V. C. J., and HOLO-HAN and GORDON, JJ., concur.

Note: Chief Justice JAMES DUKE CAMERON did not participate in the determination of this matter.