728 P.2d 669

**ARIZONA BOARD OF REGENTS, Plaintiff/Appellant,**

v.

**STATE of Arizona DEPARTMENT OF ADMINISTRATION, Defendant/Appellee.**

**No. 2 CA–CIV 5574.**

Court of Appeals of Arizona, Division 2, Department A.

June 24, 1986.

Review Denied Nov. 12, 1986.

Glenn A. Brockman, Phoenix, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Toni McClory, Phoenix, for defendant/appellee.

OPINION

HATHAWAY, Chief Judge.

The Arizona Board of Regents (board) contests the trial court's ruling that employees of the board are not exempt from Arizona's Civil Service System. We agree and reverse.

Appellant is the governing body for Arizona's three state universities. Title 15, Chapter 13, 6A A.R.S., establishes the board as a corporate body with various corporate and administrative powers. Since 1970, the organizational structure of the board's corporate operation has consisted of four basic units: the board and its central staff plus the three universities— University of Arizona, Arizona State University and Northern Arizona University. Prior to 1970, the board's staff operation was part of the University of Arizona administration and was supported from state appropriations made to the University of Arizona. Beginning in 1970, a separate general appropriation was made by the legislature to the board for its staff operation. Laws 1970, Chapter 162, § 1(90). In 1968, the Arizona legislature established a civil service system now called the State Merit System (system). A.R.S. §§ 41–761 et seq.

Employees of the three state universities are clearly excluded from the system. A.R.S. § 41–771. It is disputed, however, whether employees of the board are also excluded. In November 1981, the Attorney General's office issued a written opinion in which it concluded that the staff of the board was not exempt from the State Merit System. Op.A.G. I–81–123 (1981). Subsequent to that opinion, the Arizona Department of Administration (department) sought to incorporate the board's employees into the system.

On January 19, 1983, the board initiated a declaratory judgment action against the department seeking a judicial declaration that all employees of the board are exempt from the system. Cross-motions for summary judgment were filed. The trial court granted the department's motion and judgment was entered on September 20, 1984. This appeal followed.

Appellant raises two issues on appeal: (1) The trial court erred in determining that members of the central staff of the board are not exempt from the system; (2) even if members of the board's central staff are not statutorily exempt from the state merit system, it is a violation of the Arizona Constitution to include the board's employees in the system.

Even assuming the board's employees are not specifically exempted by statute, they are constitutionally exempted, and so also exempt under A.R.S. § 41–771(A)(12).

Article 11, Section 2 of the Arizona Constitution states:

"The general conduct and supervision of the public school system shall be vested in a State Board of Education, a State Superintendent of Public Instruction, county school superintendents and such *governing boards* for the State institutions as may be provided by law." (Emphasis added)

In *Hernandez v. Frohmiller*, 68 Ariz. 242, 204 P.2d 854 (1949), the Arizona Supreme Court held that the above constitutional provision provides the board with plenary power over its employees. In finding a previous civil service enactment unconstitutional, the court held:

"Our governing board for the university and state colleges is the board of regents. To permit legislation to throw the employment and supervision of all personnel under the civil service law ... would necessarily deprive the board of regents of a large portion of its constitutional supervisory power. We have no hesitation in holding that such legislation runs counter to said Article 11, Section 2, Arizona constitution." Id at 251, 204 P.2d at 860.

Civil service laws cannot constitutionally infringe upon the board's power to supervise its employees. The applicability of that law to this particular controversy was not diluted by the supreme court's decision in *Board of Regents of University and State Colleges v. Frohmiller*, 69 Ariz. 50, 208 P.2d 833 (1949). Appellee argues that *Hernandez* does not apply to the Board of Regents' employees. We find such a view would be anomalous. The Board of Regents is a constitutionally mandated body, Arizona Constitution, Art. 11, § 5, fulfilling a constitutionally mandated function, which includes not only the supervision of the state universities, but also its own employees. See Hernandez, supra. We are bound by the unambiguous constitutional interpretation of the supreme court. Therefore, it is constitutionally impermissible for the legislature to include the board's employees in the system.

Reversed.

HOWARD, P.J., and FERNANDEZ, J., concur.