821 P.2d 176

William L. McDONALD, Administrative Director of the Arizona Supreme Court; and the Arizona Supreme Court, a body of the State of Arizona, Petitioners,

v.

The Honorable Colin F. CAMPBELL, Judge, The Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge.

STATE of Arizona PERSONNEL BOARD, an agency of the State of Arizona; and Phyllis Graham, an individual, Real Parties in Interest.

No. 1 CA–SA 90–172.

Court of Appeals of Arizona, Division 1, Department C.

Nov. 13, 1990.

Review Granted March 7, 1991.

Opinion Vacated Oct. 22, 1991.

**516**

Jones, Skelton & Hochuli by William R. Jones, Jr., Scott F. Gibson, Phoenix, for petitioner.

Lynn R. Goga, Phoenix, for real party in interest Phyllis Graham.

Sunberg & Mousel by Craig Mousel, Phoenix, for real party in interest Arizona State Personnel Bd.

## OPINION

GERBER, Judge.

Petitioners William McDonald and the Arizona Supreme Court brought this special action requesting us to hold that the real party in interest, the Arizona Personnel Board, has no jurisdiction over petitioners. We accepted jurisdiction of the petition. We now hold that the Personnel Board has no jurisdiction over employment complaints filed by Supreme Court employees.

## FACTS

The Defensive Driving Program is a legislatively-created program placed under the supervision of the Arizona Supreme Court. Petitioners employed Phyllis Graham as manager of that program. They subsequently terminated her from that position.

Graham then filed a complaint with the Personnel Board alleging that her dismissal by the Supreme Court violated A.R.S. § 38–532, the "whistle-blowing" statute. The Personnel Board denied petitioners' motion to dismiss. Petitioners then filed a special action in superior court which accepted jurisdiction of the petition but denied petitioners' requested relief. This appellate special action followed.

## ANALYSIS

There are two distinct bases for our conclusion that the Personnel Board has no authority over Supreme Court employees. The first rests on our interpretation of A.R.S. § 41–771(A)(2); the second is the doctrine of separation of powers.

## I. A.R.S. § 41–771(A)(2) EXEMPTS SUPREME COURT EMPLOYEES FROM THE JURISDICTION OF THE PERSONNEL BOARD

Our first reason for concluding that the Personnel Board has no authority over Supreme Court employees rests in Title 41, Article 5 which creates the State Personnel Administration. Under § 41–771, Supreme Court employees are specifically exempted from that system. A.R.S. § 41–771(A)(2) states that Articles 5 and 6 of that chapter do not apply to Supreme Court employees. Articles 5 and 6 create, define, and provide rules for the Personnel Board. A.R.S. § 41–771(A)(2) thus renders Supreme Court employees exempt from the jurisdiction of the Personnel Board.

The Personnel Board and Graham argue that A.R.S. § 38–532, the "whistle-blowing" statute, is not within Title 41, and, therefore, that the exemption in § 41–771 does not exclude the Supreme Court's "whistle-blowing" employees from the authority of the Personnel Board.

The Personnel Board's jurisdiction under § 38–532, however, is limited by the specific exemptions in § 41–771. Our interpretation is based in part on the fact that § 41–782 confers jurisdiction on the board to hear appeals brought under § 38–532. A.R.S. § 38–532 merely identifies another

type of employment matter which the Personnel Board may hear; it does not expand the categories of parties who come under the board's jurisdiction. This conclusion is consistent with the legislative recognition of distribution of powers. *See Mann v. County of Maricopa*, 104 Ariz. 561, 564–65, 456 P.2d 931, 934–35 (1969).

Based on the specific exemption of A.R.S. § 41–771(A)(2), we hold that the legislature did not intend the Personnel Board to exercise jurisdiction over Supreme Court employees whether or not their dismissal violated A.R.S. § 38–532.

## II. SEPARATION OF POWERS

 The doctrine of separation of powers also independently supports the conclusion that the Personnel Board cannot apply § 38–532 and § 41–782 to Supreme Court employees. This doctrine derives from Article III of the Arizona Constitution, which states:

The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.

The concept of separation of powers is fundamental to a constitutional government. *State v. Jones*, 142 Ariz. 302, 304, 689 P.2d 561, 563 (App.1984). One branch of government may not encroach upon the functions of another branch. *Id.* Each branch of government is independent; no other branch may exercise powers belonging to another. *Ahearn v. Bailey*, 104 Ariz. 250, 252, 451 P.2d 30, 32 (1969).

If we apply these principles to the Supreme Court, the court is a constitutionally-mandated body whose employees cannot be supervised by the legislative or executive branches. *See Arizona Board of Regents v. State Dept. of Admin.*, 151 Ariz. 450, 451, 728 P.2d 669, 670 (App.1986). This separation has been recognized in employment contexts similar to this one:

[T]he discharge of a judicial employee is a judicial power vested by our Constitution in the courts. That power may not, consistent with the constitutional doctrine of separation of powers, be policed, encroached upon, or diminished by another branch of government.

*Beckert v. Am. Fed of State, Cty, & Mun. Emp.*, 56 Pa.Cmwlth. 572, 425 A.2d 859 (1981), aff'd, 501 Pa. 70, 459 A.2d 756 (1983).

In establishing the Supreme Court and its separate responsibilities, the Arizona Constitution expressly grants the court control over its own employment decisions. Article VI Sec. 7, which reflects the separation of powers doctrine, states:

The Supreme Court shall appoint an administrative director and staff to serve *at its pleasure* to assist the chief justice in discharging his administrative duties.

(Emphasis added.)

This language prohibits other branches of government from directly interfering in the court's hiring and firing or other employment decisions. This result is supported by the analogous reasoning in *Arizona Board of Regents*, 151 Ariz. at 451, 728 P.2d at 670, which held it constitutionally impermissible for the legislature to include Board of Regents employees in the Civil Service System.

The nature of the remedies in A.R.S. § 38–532 and in § 41–782 provides additional support for this conclusion. The remedies provided there are intrusive on the Supreme Court's ability to make employment decisions and also infringe upon its ability to carry out its judicial functions. If the Personnel Board could issue injunctions or order reinstatement of a Supreme Court employee, as permitted by § 38–532, the Board would thereby control how the court operates, and thus directly intrude upon the guarantees of separate powers given the Supreme Court by Article VI, Sec. 7.

The remedies available under § 38–532(B) are also inconsistent with the specific procedures for impeachment of Supreme Court justices. Under § 38–532(B), if a former employee who had reported to a

Supreme Court justice is improperly discharged, and a later finding of a prohibited personnel practice is made, the Personnel Board would be empowered to order the dismissal of the justice-employer. This removal procedure squarely circumvents the detailed impeachment steps for removing a justice required under Article VIII, Pt. 2 Sec. 1 and Sec. 2 and directly would conflict with the "at its pleasure" language of Art. VI, Sec. 7. This inconsistency in removal provisions is further evidence that the legislature did not intend § 38–532 to apply to Supreme Court employees.

## CONCLUSION

We hold that the Personnel Board does not have jurisdiction over Graham's employment complaint. The relief sought by these petitioners is granted. Each party will bear its own costs.

LANKFORD, J., concurs.

EHRLICH, Judge, specially concurring.

I concur in the result.