821 P.2d 139

William L. McDONALD, Administrative Director of the Arizona Supreme Court; and the Arizona Supreme Court, a body of the State of Arizona, Petitioners,

v.

The Honorable Colin F. CAMPBELL, Judge, the Superior Court of the State of Arizona, In and For the County of Maricopa, Respondent Judge.

STATE of Arizona PERSONNEL BOARD, an agency of the State of Arizona; and Phyllis Graham, an individual, Real Parties in Interest.

No. CV–91–0024–PR.

Supreme Court of Arizona,
En Banc.

Oct. 22, 1991.

Jones, Skelton & Hochuli by William R. Jones, Jr. and Scott F. Gibson, Phoenix, for petitioners.

Sunberg & Mousel by Craig Mousel, Phoenix, for real party in interest State of Arizona Personnel Bd.

OPINION

HAIRE, Retired Judge.

This matter is before this court on a petition for review of a decision of the Court of Appeals in a special action proceeding. The controversy involved in this litigation arose out of the discharge of a member of the staff of the administrative director of the Arizona Supreme Court. Because relief was sought against this court, all of the justices have recused themselves. Pursuant to article 6, section 20 of the Arizona Constitution, and A.R.S. § 38–813, retired Justices William A. Holohan, Fred C. Struckmeyer, Jr., and Jack D.H. Hays, together with retired Court of Appeals Judges Donald F. Froeb and Levi Ray Haire have been designated and appointed for the limited purpose of considering the merits of the petition for review. See A.S.C. Administrative Order No. 91–3 filed January 14, 1991, and Order of Ap-

pointment filed January 16, 1991 in this action.

## I. FACTS AND PROCEDURAL HISTORY

This litigation was commenced by the filing of a complaint by a Supreme Court employee, Phyllis Graham, with the Arizona State Personnel Board (Personnel Board) alleging that she was discharged from her employment because of the disclosure of information by her concerning her supervisor. The Supreme Court had employed Ms. Graham as manager of a legislatively created defensive driving program placed under the supervision of the Supreme Court. She alleged that her discharge was in violation of Arizona's "whistle-blowing" statute, A.R.S. § 38–532. In general terms, the statute, which will be subsequently discussed in greater detail in this opinion, prohibits certain governmental employers from taking reprisal actions against an employee because the employee has disclosed "information of a matter of public concern" to designated "public bodies".

In response to Ms. Graham's complaint to the Personnel Board, the Supreme Court and its administrative director, William L. McDonald, filed a motion to dismiss, urging that the Personnel Board did not have jurisdiction to consider "whistle-blowing" complaints involving employees of the Supreme Court. The Personnel Board's hearing officer denied the motion to dismiss, and thereafter the Supreme Court and its administrative director filed a complaint seeking special action relief in the Maricopa County Superior Court. The complaint filed in the superior court named the Personnel Board and Ms. Graham as defendants, and sought an order directing that the Personnel Board dismiss Ms. Graham's complaint because the Personnel Board lacked jurisdiction.

The superior court accepted jurisdiction in the special action proceeding and denied the relief requested. The superior court concluded that the Personnel Board had jurisdiction over whistle-blowing complaints filed by employees of the Supreme Court, and that therefore the Personnel Board had correctly denied the motion to dismiss filed by the Supreme Court. The Supreme Court and its administrative director then sought further review by the filing of a special action petition in Division 1 of the Court of Appeals. The Court of Appeals accepted jurisdiction in the special action proceeding, and held that the Supreme Court's motion to dismiss should have been granted because the Personnel Board did not have jurisdiction to hear complaints filed by Supreme Court employees.

The Personnel Board then filed a petition for review by this court, which we granted. After full consideration, we hold that the Court of Appeals correctly concluded that the Personnel Board lacked jurisdiction, and for the reasons stated in this opinion, the matter is remanded to the superior court with directions to enter its order requiring the Personnel Board to dismiss Ms. Graham's complaint. The opinion filed by the Court of Appeals, *McDonald v. Campbell*, 169 Ariz. 514, 821 P.2d 176 (App.1990), is vacated.

## II. ISSUES

The issues presented for our consideration concern (1) whether the "whistle-blowing" statutes (A.R.S. § 38–531 *et seq.*) together with the statutes relating to the Personnel Board (A.R.S. § 41–771 *et seq.*) were intended to give the Personnel Board jurisdiction over Supreme Court employees concerning whistle-blowing complaints, and, if so, (2) whether such jurisdiction would be in violation of article 6, section 7 of the Arizona Constitution, which, in part, provides:

The Supreme Court shall appoint an administrative director and staff to serve at its pleasure to assist the chief justice in discharging his administrative duties. The director and staff shall receive such compensation as may be provided by law.

## III. STATUTORY CONSTRUCTION

■ We consider first the issue of statutory construction, that is, whether the whistle-blowing statutes, A.R.S. § 38–531

*et seq.,* when considered together with certain provisions from A.R.S. Title 41 relating to the jurisdiction of the Personnel Board, indicate that the employees of the Supreme Court were intended to be subject to the Personnel Board's jurisdiction relating to whistle-blowing complaints.

As will be noted from the following discussion and analysis of the pertinent statutory provisions, the legislative enactments relating to this issue do not present a well-defined roadmap of legislative intent. In reviewing the statutes we find that there are indications that Supreme Court employees as well as many other governmental employees not normally subject to Personnel Board jurisdiction are to be within the Personnel Board's jurisdiction for the limited purpose of enforcement of the whistle-blowing statutes. On the other hand, we find in title 41 an explicit exclusion of Supreme Court employees from the jurisdiction of the Personnel Board, at least insofar as concerns enforcement of the state merit system.

We begin our analysis with an overall view of the whistle-blowing enactments. In general, A.R.S. §§ 38–531 through 38–534 (article 9, chapter 3, title 38) create a statutory scheme which prohibits "reprisal action" against an employee [1] who discloses information about "a matter of public concern" to certain specified public bodies, such as to the Attorney General, the Legislature, or the Governor. The statutes also provide for sanctions, including dismissal and fines, against a supervising employee who takes the reprisal action against the whistle-blowing employee.

Any employee who believes that reprisal action has been taken against him is authorized to file a complaint with the State Personnel Board, or, in certain instances, if employed by a community college district, county or school district, with an appropriate independent personnel board. *See* A.R.S. §§ 38–532(H), 38–534. If upon hear-

ing the complaint, the appropriate personnel board finds that a prohibited personnel practice has been committed, the board "shall rescind the personnel action and order that all lost pay and benefits be returned to the employee". *See* A.R.S. § 38–532(I). The decision of the appropriate personnel board is subject to appeal by trial de novo in the superior court. A.R.S. § 38–532(I).

A.R.S. § 38–533 is the only statutory provision in article 9 setting forth specific exemptions from the whistle-blowing provisions. It provides as follows:

This article does not apply to an employee or former employee of a state university or the board of regents which has in effect at the time a personnel action is taken against the employee a rule or provision for the protection of its employees from reprisal for the disclosure of information to a public body, except that the employee or former employee may appeal the final administrative decision to the superior court as provided in title 12, chapter 7, article 6. Notwithstanding § 12–910, an employee or former employee who has been dismissed is entitled to a trial de novo in superior court.

If there were no other pertinent statutory provisions, the legislative intent would be unequivocal. The statutory definition of "employee" set forth in A.R.S. § 38–531(1) includes "an officer or employee of this state or any of its departments, commissions, agencies or boards". We note that the legislative, executive and judicial branches of Arizona State government are referred to in the Arizona Constitution as "departments". Clearly, employees of the Supreme Court would fall within the definition of employees subject to the act. The exemption set forth in A.R.S. § 38–533 applies only to employees "of a state university or the board of regents" if the universi-

---

1. "Employee" is defined in A.R.S. § 38–531 as follows:

"Employee" means an officer or employee of this state or any of its departments, commissions, agencies or boards. Employee includes employees and officers of community college districts, school districts and counties of this state but does not include officers or employees of a municipal corporation established for the purpose of reclamation and distribution of water and the generation of electricity.

ty or board of regents have by rule provided their own "whistle-blowing" provisions for the protection of their employees. Therefore, article 9 contains no exemption for employees of the Supreme Court.

However, when we review certain statutory provisions in chapter 4 of title 41, A.R.S., some ambiguity is created. Chapter 4 establishes the State Department of Administration and the State Personnel Board, and creates a state personnel system (merit system) for state employees. Certain provisions in article 5 (Personnel Administration) and article 6 (Personnel Board) of chapter 4 are pertinent to our analysis. These provisions, essentially in their present form, were effective as early as 1968, long before the enactment of the first whistle-blowing statutes in 1985.

Article 5 establishes the state merit system. The system covers employees "holding a position in state service." *See* A.R.S. § 41–762(1). "State service means all offices and positions of employment in state government except offices and positions exempted by the provisions of this article." A.R.S. § 41–762(2). Here again, the definitional provisions are clearly broad enough to include employees of the Supreme Court in the state merit system. However, unlike the whistle-blowing statutes, an express exemption is provided for such employees. At the time the state merit system was created, the legislature exempted certain agencies as well as certain classifications of employees from the strictures established by the newly created state merit system. The statutory exemption in its present form is found in A.R.S. § 41–771.[2] It will be noted that many exemptions from the state merit system are set forth in § 41–771. The exemption contained in subsection 41–771(A)(2) is of particular importance to our analysis. That subsection specifically exempts employees "of the supreme court and the court of appeals" from coverage under the state merit system. Since Supreme Court employees are exempt from the state merit system, they are

---

2. A.R.S. § 41–771 provides:

A. This article and article 6 of this chapter do not apply to:

1. Elected state officers.

2. State officers and members of boards and commissions appointed by the legislature or the governor, the employees of the governor's office, the employees of the Arizona legislative council, and the employees of the supreme court and court of appeals.

3. State officers and employees appointed or employed by the legislature or either house thereof.

4. The curator, curatorial aides, tour guides and any other person employed to work in the state capitol museum.

5. Officers or employees of state universities and personnel of the Arizona state school for the deaf and the blind.

6. Patients or inmates employed in state institutions.

7. Officers and enlisted personnel of the national guard of Arizona.

8. The single administrative or executive director and one deputy director of each state department or agency.

9. Not more than two assistants who serve in the office of an elected state officer, where that elected state officer is the sole elected head of the department.

10. One administrative assistant who serves a board or commission elected to head a state agency, department or division, and one assistant for each elected member of such board or commission.

11. Persons reporting directly to the governor.

12. Any other position exempted by law.

B. This article and article 6 of this chapter do not apply to those positions determined by the director to meet any of the following criteria:

1. Top level positions in a department or agency which determine and publicly advocate substantive program policy. This includes those persons engaged in the direction of line operations if they report directly to the director or deputy director of the agency and in large multi-program agencies those persons who report directly to the head of a primary component of the department or agency.

2. Those persons who are required to maintain a direct confidential working relationship with an exempt official, not to exceed the number of positions established pursuant to paragraph 1 of this subsection.

3. Persons who provide legal counsel.

4. Positions that are part time.

5. Positions that are temporary, established for the purpose of conducting a special project, study or investigation.

6. Positions that are essentially for rehabilitation purposes.

7. Directors of all institutions which maintain supervision or care on a twenty-four hour per day basis other than halfway houses or group homes.

also exempted from the provisions of article 6, which establishes the State Personnel Board and gives to the board the duty to hear appeals concerning controversies relating to dismissal and other specified controversies arising under the state merit system.[3] Thus, without question, at the time the state merit system was created, the purpose for the exemption of employees of the Supreme Court from the jurisdiction of the Personnel Board was solely for the reason that those employees were not subject to the state merit system. The issue that we must decide now is whether this long-standing exemption from the Personnel Board's jurisdiction for the purposes of the state merit system was intended to carry forward so as to exempt employees of the Supreme Court from the jurisdiction of the board for the purpose of enforcement of the much later enacted whistle-blowing statutes. We hold that the earlier enacted exemption was not intended to apply.

As we have previously stated, the definition of "employee" for purposes of coverage under the whistle-blowing statutes is clearly broad enough to cover employees of the Supreme Court, and there is no indication in the whistle-blowing statutes of an intention to exempt such employees. Likewise, many other employees who are specifically exempted by the provisions of A.R.S. § 41–771 from coverage under the state merit system appear to be given the protection afforded by the whistle-blowing statutes.

When first created in 1985 (Laws 1985, chapter 189), the whistle-blowing statutes contained no exemptions, and no reference was made to the State Personnel Board as the enforcing body. In 1989 (Laws 1989, chapter 285) substantially more detail was added to the whistle-blowing provisions. Among other changes, A.R.S. § 38–532 was expanded so as to provide for the filing of a complaint with the State Personnel Board by an aggrieved employee, with substantial authority given to the Board, including the right to order the reinstatement of a dismissed employee with back pay.

The 1989 amendment also, for the first time, provided a specific exemption (A.R.S. § 38–533) from the whistle-blowing statutes, but only for employees of the state universities and of the board of regents. Also, as a part of the same enactment that amended the whistle-blowing statutes in 1989, A.R.S. § 41–782, relating to the State Personnel Board was amended by the addition of subsection B as follows:

> B. The personnel board shall hear and review appeals as provided in Title 38, Chapter 3, Article 9, relating to any personnel action taken against an employee or former employee of this state, except an employee or former employee of a state university or the board of regents, which the employee or former employee believes was taken in reprisal for his disclosure of information to a public body. The state personnel board shall order the dismissal of a supervisor or other responsible person who it determines committed a prohibited personnel practice.

Laws 1989, Ch. 285, Sec. 4.

In this statutory addition to title 41, again, the only exemption from the Personnel Board's jurisdiction relating to whistle-blowing enforcement matters is for employees of the state universities and the board of regents. We note that this specific exemption in A.R.S. § 41–782(B) for university employees would have been unnecessary had the legislature intended that all

---

**3.** A.R.S. § 41–782 (as amended Laws 1990, Ch. 373, § 5) provides:

A. The personnel board shall hear and review appeals as provided in this article relating to dismissal from state service, suspension for more than forty working hours or demotion resulting from disciplinary action as defined in the personnel rules.

B. The personnel board shall hear and review appeals as provided in title 38, chapter 8, article 9, relating to any personnel action tak-

en against an employee or former employee of this state, except an employee or former employee of a state university or the board of regents, which the employee or former employee believes was taken in reprisal for his disclosure of information to a public body. The state personnel board shall recommend the dismissal of a supervisor or other responsible person, other than an elected official, who it determines committed a prohibited personnel practice.

of the exemptions from the state merit system found in A.R.S. § 41–771 [4] be applicable to the Personnel Board's newly imposed duty of enforcement of the whistle-blowing statutory design, a design which by its terms is not limited to employees covered by the state merit system.

If we were to hold that by reason of the exemption found in A.R.S. § 41–771, employees of the Supreme Court are exempt from the Personnel Board's jurisdiction for enforcement of the whistle-blowing statutes, the same rationale would compel the conclusion that all of the other employees listed in § 41–771 would be similarly exempt. While we can conceive of policy concerns that possibly motivated the legislature in exempting the employees listed in A.R.S. § 41–771 from coverage under the state merit system, we find no indication that the legislature was motivated by these same policy concerns when it enacted the whistle-blowing statutes for the protection of state employees. If such had been the case, it would have been a simple matter for the legislature to enact other express exemptions as it did in the case of state university and Board of Regent employees.[5] Accordingly, it is our opinion that by enacting the specific exemptions found in A.R.S. §§ 38–533 and 41–782(B), the legislature manifested its intent to make the whistle-blowing statutes applicable to all other employees covered in the definitional provisions of A.R.S. § 38–531, and to give to the Personnel Board enforcement authority relative to those employees, regardless of whether those employees were subject to coverage under the state merit system.

## IV. CONSTITUTIONALITY

██ Having decided that the legislature intended to give the Personnel Board jurisdiction over whistle-blowing complaints filed by employees of the Supreme Court, we now consider whether such jurisdiction would be contrary to the provisions of article 6, section 7 of the Arizona Constitution. As we have previously noted, A.R.S. § 38–532(I) directs that if the Personnel Board determines that prohibited reprisal action has been taken against the complaining employee, the Personnel Board "shall rescind the personnel action and order that all lost pay and benefits be returned to the employee ..." Thus, in the event a complaining employee of the Supreme Court has been previously dismissed, the Personnel Board would have the authority to order reinstatement, thereby in effect overruling the Supreme Court's decision relating to the employment of that employee.

We hold that this attempt to grant to the Personnel Board the right to directly interfere with the Supreme Court's administrative decisions concerning the tenure of employees described in article 6, section 7, of the Arizona Constitution, is contrary to the provisions of article 6, section 7, and therefore unconstitutional. Stated in its most simple terms, employees do not "serve at the pleasure" of the Supreme Court if some other agency has the authority to tell the court to fire or to rehire such employees. Clearly, article 6, section 7 grants this authority solely to the Supreme Court.

Article 3 of the Arizona Constitution specifically prohibits one branch of the government of the State of Arizona from exercising powers properly belonging to another department.[6] In some instances, in the application of general principles relating to the separation of powers doctrine, it is very difficult to determine the dividing line be-

---

**4.** A.R.S. § 41–771(A)(5) has from its inception specifically exempted employees of the state universities from the state merit system.

**5.** It should be noted that the exemption for university and Board of Regent employees from the whistle-blowing statutes becomes effective only when the universities and the Board of Regents have established rules or other provisions giving whistle-blowing protection to their employees. *See* A.R.S. § 38–533.

**6.** Article 3 provides:

   The powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial; and, except as provided in this Constitution, such departments shall be separate and distinct, and no one of such departments shall exercise the powers properly belonging to either of the others.

tween powers that fall within one department's domain and that of another. This is particularly true in situations involving areas of overlapping responsibilities, such as in the budgeting and expenditure arena. *See, e.g., Mann v. County of Maricopa,* 104 Ariz. 561, 456 P.2d 931 (1969). However, we need not engage in an extended analysis for the purpose of determining whether in the situation at hand one department (the Legislature) has improperly entered an area that under general constitutional principles would fall within the realm of another (the Judiciary). Here, we have a specific constitutional provision that clearly grants to the Supreme Court the right to hire employees "to serve at its pleasure". While we are aware that we should attempt to construe legislation so as to be in harmony with the constitution, *see Stillman v. Marston,* 107 Ariz. 208, 484 P.2d 628 (1971), here the direct conflict between the statute and the specific provisions of our constitution leaves no margin for harmonious interpretation. A legislative enactment that contravenes a constitutional provision cannot be enforced. *See Harris v. Maehling,* 112 Ariz. 590, 545 P.2d 47 (1976). In a somewhat similar situation involving a constitutional provision far less explicit than article 6, section 7, our Court of Appeals has held that the Arizona Constitution precludes the application of the state merit system statutes to employees of the Board of Regents.[7] *See Arizona Board of Regents v. Department of Administration,* 151 Ariz. 450, 728 P.2d 669 (1986). Similarly, the inclusion of employees of the Supreme Court within the Personnel Board's enforcement powers relating to the whistle-blowing statutes is precluded by the provisions of article 6, section 7 of the Arizona Constitution.

Accordingly, we hold that, insofar as concerns employees of the Supreme Court, the legislative attempt to vest in the State Personnel Board the power to enforce the remedies mandated in the whistle-blowing statutes results in an unconstitutional encroachment on the powers granted to the

Supreme Court by article 6, section 7 of the Arizona Constitution. Our holding in this regard addresses only the issue presented by the currently enacted whistle-blowing statutes and the remedies provided therein. Since the issue is not before us, we do not address the question of whether a common law judicial remedy would be available to Ms. Graham under the circumstances presented.

This matter is remanded to the Maricopa County Superior Court with directions to order that Ms. Graham's complaint filed with the State Personnel Board be dismissed.

STRUCKMEYER, HAYS and FROEB, JJ., Retired, concur.

HOLOHAN, Chief Justice, Retired, concurring.

Although I agree with the result reached by the Court in this case, I write separately to express my views on some important additional considerations not covered by the Court's analysis of the issues.

I agree with the Court that the statutes at issue do not exempt the Judicial Department from the jurisdiction of the State Personnel Board. I also agree that the attempted exercise of jurisdiction by the Board over Supreme Court employees is a violation of the Separation of Powers Doctrine of the Arizona Constitution (Article III). Although the Court bases its decision on the provisions of Article VI, Section 7 of the Arizona Constitution, I believe that the inherent power of the courts to control their employees is an additional and equally valid basis for holding that the Personnel Board cannot exercise jurisdiction over judicial employees. The judiciary's inherent power of control over its personnel is a matter of settled precedent in this state. *See Birdsall v. Pima County,* 106 Ariz. 266, 475 P.2d 250 (1970); *Roylston v. Pima County,* 106 Ariz. 249, 475 P.2d 233 (1970); *Mann v. County of Maricopa,* 104 Ariz. 561, 456 P.2d 931 (1969); *Powers v. Isley,*

---

7. A.R.S. § 41–771(A)(5) exempts employees of the state universities from coverage under the state merit system, but there is no *statutory* exemption for employees of the Board of Regents.

66 Ariz. 94, 183 P.2d 880 (1947); *Reinhold v. Board of Supervisors of Navajo County*, 139 Ariz. 227, 677 P.2d 1335 (App.1984).

The Court has chosen to rely on the specific language in Section 7 to support its decision, but the above cited authorities make it clear that the Personnel Board has no jurisdiction over any personnel within the Judicial Department, whether the employee be a staff person in the administrative director's office or a person employed in some other capacity by the Court.

One additional matter merits discussion. This case deals with the attempt by an Executive Department Board to exercise jurisdiction over personnel within the Judicial Department. The power of the Legislature to protect a state employee from reprisal for reporting matters of public interest has not been contested or challenged. It is the procedure for enforcement which has been challenged.

The State Personnel Board argues that the statutory enforcement procedure should be upheld to provide the employee with a forum to hear her complaint. Implicit in the Board's argument is the assumption that the employee will be without a remedy, if the Board is denied jurisdiction over court personnel. The Board's position is incorrect. The employee has a remedy. The Supreme Court has, in exercising administrative supervision of its employees, accepted and considered petitions from employees seeking relief from personnel actions taken by the clerk or the court administrator. The respondent employee had a forum within the Judiciary to hear her complaint. It was her choice not to avail herself of that forum. In any event, the State Personnel Board is without jurisdiction to hear the matter.